[Crim. No. 3416.    First Dist., Div. Two.    Nov. 21, 1957.]

THE PEOPLE, Appellant, v. ROBERT LEE McFARREN, Respondent.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and William M. Bennett, Deputy Attorney General, for Appellant.

Edward T. Mancuso, Public Defender (San Francisco), and Abraham M. Dresow, Chief Deputy Public Defender, for Respondent.

DRAPER, J.—The People appeal from an order dismissing the information.  Respondent was charged with possession and transportation of marijuana.  The motion to dismiss (Pen. Code, § 995) was based wholly upon the ground that the marijuana introduced at the preliminary examination was found in a search of respondent's automobile made without reasonable or probable cause.  No objection of any kind was made to the introduction

of this marijuana in evidence. Thus respondent waived his right to assert that the narcotic was inadmissible because illegally obtained (*Robison* v. *Superior Court*, 49 Cal.2d 186 [316 P.2d 1], and cases cited therein). In fairness to the trial court, we point out that this decisive issue was not raised on argument of the motion. It is not even mentioned in appellant's brief in this court.

■ Upon trial, the objection may well be made, and we feel required to comment upon the merits. Respondent went through a stop sign at 4 a. m., and was stopped by an officer in a patrol car. When one officer checked the registration slip, he saw a pistol under the front seat of respondent's car. Respondent was then arrested for violation of Penal Code, section 12025, the glove compartment of his car was searched, and marijuana was found. If in fact the weapon was concealed, so as to be within the proscription of section 12025, but was in fact seen by the officer without a search and solely in the course of his checking of the registration slip, we consider that a search of the glove compartment for further weapons was justified. If such facts were found, they would distinguish *People* v. *Molarius,* 146 Cal.App.2d 129 [303 P.2d 350].

The order dismissing the information is reversed.

Kaufman, P. J., and Dooling, J., concurred.