[Crim. No. 7805. Second Dist., Div. One. Nov. 2, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. C. L. McCLAIN, Defendant and Appellant.

Cary G. Branch for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Edmond M. Mamer, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of a violation of section 11530, Health and Safety Code (possession of marijuana).

In an information filed in Los Angeles County on December 28, 1960, the defendant was charged with possessing marijuana on November 30, 1960, and it was further charged that the defendant C. L. McClain, under the name of Clevin Levi McClain, was on or about May 20, 1954, convicted of the offense of violation of section 11500, Health and Safety Code. The defendant pleaded not guilty and denied the prior conviction. A jury trial was waived. The judge found the defendant guilty as charged and further found that the allegation with reference to the prior conviction was true. This appeal followed.

A résumé of some of the facts is as follows: on November 30, 1960, Officer Klien of the Los Angeles Police Department was in the vicinity of 60th and Hoover Streets, where there had been a considerable number of burglaries within the immediate days just previous. The named officer was with an officer partner, each in plain clothes in an unmarked police automobile working in an effort to apprehend the burglar or burglars in the vicinity. About 6:30 p. m. Klien saw defendant drive an automobile southbound on Hoover Street and then turn right onto 61st Street at about 5 miles per hour. The officers observed that the appellant and his two passengers appeared to be looking around both sides of the street and looking at the houses, and that the automobile in which they were riding continued on at about 5 miles per

hour until they reached Menlo. Appellant turned onto Menlo and the officers followed. When the officers got to Menlo they were about 50 yards behind the appellant's automobile. Appellant turned east on 60th Place at about the same speed he had been driving, namely at about 5 miles per hour. Appellant then increased his speed while going eastward on 60th Place. He turned right on Hoover and then southward at about 40 miles per hour, dodging in and out of the traffic. At 69th and Hoover Streets the officers stopped the appellant's automobile. The officers directed the light of a spotlight into appellant's car, held up a police badge and told appellant to pull over. Appellant and his passengers were told to get out of the automobile and to stand on the sidewalk and they did so. Klien directed the light from a flashlight into the appellant's car and observed a plastic container with a substance in it which resembled narcotics. Klien looked at the appellant and saw him flip what appeared to be a cigarette to the parkway. The cigarette landed about 4 feet from the officer. Klien reached onto the floor of the appellant's automobile and picked up the plastic container and then picked up the cigarette which had been thrown to the parkway by the appellant.

Klien also observed through the back seat area of appellant's automobile what appeared to be a brand new tire in the trunk of the car. The officers thought that in the light of the fact the car had old tires on it the new tire in the trunk might well be a stolen tire and they proceeded to make an entry into the trunk of appellant's car. The three occupants of the car were then arrested.

Defendant denied to Klien that he had circled the block and that he had just driven on Hoover Street.

Defendant, when asked what material was in the plastic container, stated that it was marijuana but denied that it was his. At the trial the cigarette found in the parkway and the container and its contents were identified by the officer as the cigarette he had picked up in the parkway and the material which he had found in the automobile.

A stipulation was entered into as follows: ". . . that it be deemed that Mr. William King, if he were called, sworn and testified that he is an expert forensic chemist; that he received the package marked People's Exhibit 1 for identification December 1, 1960 at the Property Division of the Los Angeles Police Department at which time he opened it by cutting the red sealing wax, examined the contents thereof and formed the opinion that the three cigarettes contained within the vial

contain the narcotic marihuana [*sic*]; he then prepared his report, resealed the envelope and returned it to the Property Division of the Los Angeles Police Department on the 14th of December, 1960; he removed the property from the Property Division of the Los Angeles Police Department in a sealed condition and brought it to Division 40, whereupon it was handed to Officer Klien.''

A certified copy of a prison commitment in the County of Los Angeles with reference to the prior conviction was introduced into evidence. Counsel stipulated to identity.

Appellant now asserts the following: that section 11718 of the Health and Safety Code is unconstitutional; that the evidence was illegally obtained; that appellant was denied due process of law; and that there was no proof of the prior conviction as alleged.

The answer to the first contention is set forth in *People* v. *Sidener* recently determined by the Supreme Court (58 Cal. 2d 645 [25 Cal.Rptr. 697, 375 P.2d 641]. Filed October 25, 1962. Crim. No. 7014.)

Under the circumstances the officers were entitled to stop the appellant's automobile. Appellant places considerable reliance on the case of *Mapp* v. *Ohio,* 367 U.S. 643 [81 S.Ct. 1684, 6 L.Ed.2d 1081], and asserts in effect that the *Mapp* case requires all state decisions to be brought into harmony with decisions of the Supreme Court of the United States. There is nothing in the *Mapp* case which bears out appellant's assertion. See *People* v. *Tyler,* 193 Cal.App.2d 728 [14 Cal. Rptr. 610].

There can be no doubt that under the rules of law as established in this state the officers were warranted in stopping the appellant's automobile, making the search and the arrest. See *People* v. *King,* 175 Cal.App.2d 386, 390 [346 P.2d 235]; *People* v. *Sanchez,* 189 Cal.App.2d 720 [11 Cal.Rptr. 407]; *People* v. *Tyler,* 193 Cal.App.2d 728 [14 Cal.Rptr. 610].

The officer's shining the flashlight inside of the appellant's automobile did not amount to an illegal search and when the officer observed a plastic container which he thought contained marijuana it was proper for him to proceed as he did. (See *People* v. *Carnes,* 173 Cal.App.2d 559 [343 P.2d 626].)

The stipulation in question has heretofore been set forth in full. Appellant now contends that the stipulation was that the witness would testify to certain things if he were called—that since he was never called the stipulation is of no effect. A reading of the stipulation and the transcript of the

proceedings convinces us that it was intended by all of the parties that the stipulation was in effect a statement that the material in question was deemed to be marijuana. See *People v. Nolan,* 33 Cal.App. 493, 495 [165 P. 715] ; *Palmer v. City of Long Beach,* 33 Cal.2d 134, 144 [199 P.2d 952]; *Chicago & N. W. Ry. Co.* v. *Froehling Supply Co.,* 179 F.2d 133, 136, where it is said:

"... in construing a stipulation with reference to testimony designed to shorten the trial, the stipulation should be construed in the furtherance of justice. . . ."

 Appellant asserts further that there was no identity of the appellant as being the same person referred to in the certified document used to prove the prior conviction. The following occurred at the trial:

"MR. BROWN: I have here a certified copy of a prison commitment in the County of Los Angeles from the Sheriff's Department and will you stipulate to identity?

"MR. BRANCH: Yes.

"MR. BROWN: You stipulate to identity?

"MR. BRANCH: Yes.

"MR. BROWN: May this be marked People's 2 for identification?

"THE COURT: All right."

At the conclusion of the presentation of the evidence the judge promptly found the defendant was guilty as charged and continued the matter of the sentence of the defendant and the determination of the prior conviction to a later date. The court stated at that time that it would ". . . consider the evidence presented by yourself [the defendant], the probation officer and the District Attorney." At one of the continued sessions the deputy district attorney stated in effect that he would not move to dismiss the prior conviction and defendant's counsel stated:

"MR. BRANCH: I would like to point out to the Court that the names are not exactly the same and whether this is true or not, I don't know but I would like to point out to the Court that the prior alleged is Clement Levi and the defendant's present allegation is not exactly that.

"Now I would like to suggest to the Court, in view of the circumstances and the fact that no fingerprints were submitted to the Court that the evidence is probably not sufficient beyond a reasonable doubt to show the truth of it. I mean it is for the Court to decide. It hasn't been determined yet.

"THE COURT: Well, the record is here, counsel. I couldn't very well find it not true."

The court found the allegation of the prior conviction to be true.

The names to which defendant refers are C. L. McClain, as he is presently charged, and Clemens Levi McClain, as he was charged in the prior conviction. In the former case the record discloses that he was charged in an information with possession of a narcotic and that he pleaded guilty as charged in the information. Proceedings were later suspended and probation was granted for three years. A plea of guilty constitutes a conviction. (*Stephens* v. *Toomey,* 51 Cal.2d 864, 869 [338 P.2d 182]; *People* v. *Banks,* 53 Cal.2d 370, 390-391 [1 Cal. Rptr. 669, 348 P.2d 102].)

The appellant in this case was fairly and properly tried and convicted. The judgment should be and the same is affirmed.

Wood, P. J., and Lillie, J., concurred.