[Crim. No. 6265. First Dist., Div. One. Nov. 28, 1967.]

THE PEOPLE, Plaintiff and Appellant, v. ROBERT LEE HARRIS, Defendant and Respondent.

---

Thomas C. Lynch, Attorney General, Edward P. O'Brien and James B. Cuneo, Deputy Attorneys General, for Plaintiff and Appellant.

R. Donald Chapman, Public Defender, for Defendant and Respondent.

ELKINGTON, J.—The People appeal from an order of the superior court setting aside, under Penal Code section 995, an information charging defendant Robert Lee Harris with three counts of burglary of a motor vehicle. (Pen. Code, § 459.)

The only question presented to us concerns the validity of defendant's arrest and the ensuing search of his automobile. We set forth the pertinent evidence presented at the preliminary examination.

Witness Neal Lindsey, around 10 p.m. on October 15, 1966 was returning to his automobile after watching a football game. He observed a Ford Thunderbird strike another vehicle twice, causing a scraping or crashing sound and sparks. The car bounced off and continued on its way. Lindsey determined to apprehend the driver of the other car, who had apparently committed a misdemeanor hit-run vehicle violation in his presence. (Veh. Code, § 20001.) He followed the other car.

After losing contact for a short while, he observed and over-took the vehicle. He "honked" his horn and the other driver pulled over. Lindsey got out of his car and asked the other driver, who was the defendant here, to turn off his engine and to show his identification. An inspection of the Thunderbird disclosed dents and fresh paint scrape markings of a different color along the side of the car. Lindsey was positive it was the hit-run car. He asked defendant to wait and sent another person in search of a policeman. Police cars arrived and Lindsey explained the situation to an officer. The officer directed defendant to get out of the Thunderbird, told him to get into the back of the police car, and then placed him under arrest for hit and run. Looking from the outside into defendant's car the officer saw a "stereo tape deck" which was attached to the dashboard in an unusual manner with two screws. He testified "The stereo tape deck was brought to my attention because of the way it was hooked up." He also saw other property, including two 7-Up bottles, on the back seat. Thrown about the front seat and the floor of the car were tools, including a bent screwdriver bit.

That evening around the same time, witness Donald Lee, returning to his car after the same football game, found it had been broken into. Missing were a "stereo tape deck," two bottles of 7-Up and other property. The stereo tape deck had been affixed to the car after its manufacture. Driving home he saw the parked police cars. He stopped and told an officer about the theft and asked how it should be reported. The officer said he had a suspect and then placed defendant under arrest for burglary. The officer then took Lee to the defendant's car. Looking into the car Lee saw among other things a number of stereo tapes in a box on the back seat. The officer picked up the box and asked if Lee could identify them. This action of the officer constitutes the complained of search. Lee identified one of the tapes as having been in his car earlier that evening. If the act of the officer was proper so also was a later search disclosing additional stolen property, the evidence of which constitutes proof of the other burglary counts.

Defendant contends that the property which is the basis of the charges against him was found as a result of a constitutionally invalid search of his car. If this contention is correct, defendant was held to answer on incompetent evidence without reasonable and probable cause, and the order of the superior court should be affirmed. (See *Priestly* v. *Superior Court,* 50 Cal.2d 812, 815 [330 P.2d 39]; *Badillo* v. *Superior Court,*

46 Cal.2d 269, 272 [294 P.2d 23].) However, if in our consideration of the evidence upon which defendant bases his contention, we find it to be in conflict, or that different reasonable inferences might be drawn therefrom, the conclusions of the magistrate must prevail over those of the superior court judge. (*Perry* v. *Superior Court*, 57 Cal.2d 276, 283-284 [19 Cal.Rptr. 1, 368 P.2d 529] ; *People* v. *Brice*, 234 Cal.App.2d 258, 272 [44 Cal.Rptr. 231].)

■ Witness Lindsey observed the commission of a misdemeanor hit-run violation (Veh. Code, § 20001) by defendant. As a private citizen he had a right to arrest for such a public offense committed in his presence. (Pen. Code, § 837.) He pursued and overtook defendant and directed him to pull over to the curb. He told defendant to turn off his engine and asked to see his identification. Lindsey then asked defendant to wait, remained in his presence, and sent for a policeman. He did not state that defendant was under arrest, but such is not required where the accused is pursued immediately after the offense. (Pen. Code, § 841; *Allen* v. *McCoy*, 135 Cal.App. 500, 508 [27 P.2d 423, 28 P.2d 56].) Defendant remained at the scene as required by Lindsey until the arrival of the police.

"An arrest is made by an actual restraint of the person, or by submission to . . . custody. . . . The person arrested may be subjected to such restraint as is reasonable for his arrest and detention." (Pen. Code, § 835; *Willson* v. *Superior Court*, 46 Cal.2d 291, 293 [294 P.2d 36].) To us it seems clear that Lindsey had made a legal citizen's arrest. In any event, from the evidence such an inference could reasonably be drawn and, we must assume, was drawn by the magistrate.

Upon their arrival, defendant was delivered to the police officer as required by Penal Code section 847. ■ The fact that the officer stated that defendant was under arrest for the hit-run violation did not invalidate Lindsey's earlier arrest. While this arrest and custody continued defendant was arrested for the burglary of witness Lee's car.

Defendant contends that he was not legally arrested for the hit-run violation; that he was therefore under illegal detention at the time of the later burglary arrest which resulted because of such unlawful detention. His argument is twofold. First he urges that Lindsey's citizen's arrest was invalid. As to this contention we have already pointed out why such arrest was proper. Secondly, he contends that the earlier arrest, if any there was, terminated when he was turned over to the police. We do not consider this to be the law. ■ An

arrest is more than a transient momentary incident. It continues through a transfer of custody of the accused from a citizen to a peace officer. *Ballard* v. *Superior Court*, 64 Cal.2d 159, 169 [49 Cal.Rptr. 302, 410 P.2d 838], states "an arrest includes custody." Black's Law Dictionary (4th ed.) page 140, defines arrest as "The apprehending *or detaining* of the person in order to be forthcoming to answer an alleged or suspected crime." (Italics added.) (See also 5 Am.Jur.2d, Arrest, § 3, p. 698.)

We conclude that at the time of Lee's identification of his property defendant was legally under arrest for a violation of Vehicle Code, section 20001 (misdemeanor hit-run).

The next question for our determination may be stated as follows: Was the act of the officer in picking up the box of stereo tapes for Lee's closer inspection reasonably incidental to defendant's earlier arrest?

*United States* v. *Rabinowitz*, 339 U.S. 56, 66 [94 L.Ed. 653, 660, 70 S.Ct. 430], states: "The relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable. That criterion in turn depends upon the facts and circumstances—the total atmosphere of the case. It is a sufficient precaution that law officers must justify their conduct before courts which have always been, and must be, jealous of the individual's right of privacy within the broad sweep of the Fourth Amendment."

California's Supreme Court in *People* v. *Ingle*, 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577], states: "There is no exact formula for the determination of reasonableness. Each case must be decided on its own facts and circumstances [citations]—and on the total atmosphere of the case." ■ And a search of an automobile may be reasonable although " 'the result might be the opposite in a search of a home, a store, or other fixed piece of property.' " (*People* v. *Webb*, 66 Cal.2d 107, 115 [56 Cal.Rptr. 902, 424 P.2d 342]; see also *People* v. *Terry*, 61 Cal.2d 137, 152-153 [37 Cal.Rptr. 605, 390 P.2d 381].)

We now discuss the pertinent facts and circumstances of the criticized police conduct.

■ Here the defendant was under a valid arrest. The act of the officer, in picking up the recording tapes, was in the presence of the defendant and at the scene of the arrest.

The box of recording tapes was in plain sight of the officer standing outside of the automobile. ■ A "search" implies prying into hidden places for that which is concealed

and that the object searched for had been hidden or intentionally put out of the way; merely looking at that which is open to view is not a search (*Bielicki* v. *Superior Court,* 57 Cal.2d 602, 605 [21 Cal.Rptr. 552, 371 P.2d 288]; *People* v. *Alvarez,* 236 Cal.App.2d 106, 112 [45 Cal.Rptr. 721]). ▮ A "seizure" contemplates forcible dispossession of the owner of property (*People* v. *Amos,* 190 Cal.App.2d 384, 391 [11 Cal.Rptr. 834]; *People* v. *Fitch,* 189 Cal.App.2d 398, 403 [11 Cal.Rptr. 273]).

▮ The officers had the valid custody of the automobile. As an instrumentality of the hit-run offense it was important and perhaps necessary evidence. The police had a right to seize and hold it for such purpose. (See *People* v. *Webb, supra,* 66 Cal.2d 107, 123-124, fn. 3; *People* v. *Wiley,* 162 Cal.App.2d 836, 839 [328 P.2d 823]; *People* v. *Woods,* 139 Cal.App.2d 515, 525 [293 P.2d 901].) Since defendant was under arrest it was the duty of the officers to take him before a magistrate without unnecessary delay. (Pen. Code, §§ 847, 849.) For that reason the officers were authorized by Vehicle Code, section 22651, subdivision (h), to remove the car from the street and to impound it. (*People* v. *Garcia,* 214 Cal.App. 2d 681, 684 [29 Cal.Rptr. 609]; *People* v. *Nebbitt,* 183 Cal. App.2d 452, 459 [7 Cal.Rptr. 8].) ▮ Having such custody of the automobile, the officers might properly make an inventory of its contents for the protection of the defendant, the garageman and the police. (*People* v. *Garcia, supra*; *People* v. *Ortiz,* 147 Cal.App.2d 248, 251 [305 P.2d 145].)

It should also be pointed out that at the time of the criticized "search" defendant was a burglary suspect. The act of the officer in allowing Mr. Lee a closer inspection of the property might well have immediately exculpated defendant from further suspicion of that offense.

Our consideration of the facts and circumstances before us compels a conclusion that the act of the policeman was a reasonable incident to defendant's arrest for the hit-run violation.

▮ It appears to us that the complained of police conduct was reasonable and proper for an additional reason; the police had reasonable and probable cause to arrest defendant for burglary.

Substantially less than what might be called an outstanding effort was made at the preliminary hearing in eliciting what information was given by witness Lee to the officers about the theft from his car. However, the evidence does indicate the

following: Lee says he stopped and asked the officers how to go about reporting a theft, and that the officers responded by saying they had a suspect and asking Lee to identify some property in defendant's car. Later Lee on cross-examination testified he told the officers he had a stereo tape deck stolen out of his car. An officer testified that he ascertained from Lee what he was complaining about. This resulted in the request of Lee to identify property in defendant's car and the statement by the officers that they had a suspect. From this evidence the magistrate could infer that Lee told the officers the substantial details of the theft.

A few minutes before talking to Lee the police had seen a stereo tape deck and 7-Up bottles in defendant's car. They also saw tools scattered about the car including a screwdriver bent on the tip. It is common knowledge that screwdrivers may be used as a prying tool and from the condition of this screwdriver it would appear that it had been so used. The information imparted to the police would indicate that defendant's hit-run offense and the burglary had occurred at about the same time and in the same general area. The coincidence of each car having had a stereo tape deck affixed to it was unusual. And the officers could reasonably have considered that defendant's haste in leaving the scene of the accident was in fact flight from the automobile burglary rather than from what, but for such flight, would have been no more than a minor traffic accident.

It appears to us that the information known to the officers was sufficient to justify the magistrate in concluding that they, as men of ordinary caution or prudence, could hold and conscientiously entertain, a strong suspicion of defendant's guilt.

 A peace officer may arrest a person without a warrant ''Whenever he has reasonable cause to believe that the person to be arrested has committed a felony.'' (Pen. Code, § 836, subd. 3.) '' 'Reasonable cause' is defined as that state of facts as would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime. [Citations.] No exact formula exists for determining reasonable cause, and each case must be decided on the facts and circumstances presented to the officers at the time they were required to act.'' (*People* v. *Ross,* 67 Cal.2d 64, 69-70 [60 Cal.Rptr. 254, 429 P.2d 606].)

 The burglary arrest being valid, it follows that the

search of defendant's automobile was proper as an incident to that arrest. (See *People* v. *Webb, supra,* 66 Cal.2d 107.)

We conclude that there is no Fourth Amendment or other constitutional taint in the circumstances under which the questioned evidence in this case was obtained. The evidence therefore was competent and the order setting aside the information was erroneous.

The order setting aside the information is reversed.

Molinari, P. J., and Sims, J., concurred.