[Crim. No. 3203. Fourth Dist., Div. One. June 13, 1968.]

THE PEOPLE, Plaintiff and Appellant, v. KENNETH MURRAY SCHULTZ et al., Defendants and Respondents.

Cecil Hicks, District Attorney, and Allan H. Stokke, Deputy District Attorney, for Plaintiff and Appellant.

Jerome Weber and Bernard Mattison for Defendants and Respondents.

COUGHLIN, J.—Plaintiff appeals from an order granting defendants' motion under Penal Code section 995, to set

112

aside an information charging them with the offense of possession of marijuana. The motion was based on the ground the only evidence at the preliminary hearing supporting the charge was the product of an unlawful search and seizure. The search was made without a warrant. Defendants assume it was made as an incident to a lawful arrest and contend probable cause to arrest did not exist; the arrest was illegal; and the incidental search was unlawful. Apparently this thoery was adopted by the trial judge who, at the conclusion of the hearing, stated: ''I think the arrest was illegal, and the motion is granted.''

Defendant Schultz, as driver, and defendant Spector, as passenger, were riding in an automobile stopped by a police officer for a motor vehicle code violation. At the preliminary hearing the officer testified that while standing outside the open door of the automobile, waiting for Schultz to produce the vehicle registration card, he ''observed what appeared to be a marijuana seed and debris on the left rear floor of the vehicle''; in describing the substance he saw as marijuana he ''was mainly referring to the seed''; and, in response to a question on cross-examination, that the seed in question ''wasn't a complete seed.'' Thereupon the officer placed defendants in custody and advised them of their constitutional right to remain silent and to be represented by counsel. He then pointed to the area where he had observed the seed and asked Schultz what it was. Counsel for defendants objected ''on the grounds no corpus delicti has been proven.'' In explanation of this objection, counsel stated: ''I said no corpus delicti, because obviously nothing from this point on after the arrest is permissible unless the arrest was legal, and obviously it was an illegal arrest, as it appears to me.'' The court overruled the objection ''subject to a motion to strike,'' with the admonition to the district attorney ''but you are going to have to show a usable quantity.'' In answer to the question to which the objection was overruled, the officer testified Schultz stated: ''It looks like marijuana.'' The officer further testified: ''I then conducted a search of the vehicle for further contraband.'' The search revealed a plastic vial in the glove compartment containing marijuana in a usable quantity, and two shirts, belonging respectively to defendant Schultz and defendant Spector, each of which contained marijuana cigarettes. The evidence supports the conclusion each of the defendants admitted possession of the marijuana.

Preliminary to admitting in evidence testimony respecting the events occurring after the officer saw the ''marijuana seed

and some debris on the rear floor of the car,'' the officer was examined and qualified as an expert on the identification of marijuana.

■ There was no objection to the admission of any evidence specifically upon the ground it was the product of an unlawful search and seizure. Unless such an objection is urged at the preliminary hearing it may not be asserted on a motion under Penal Code section 995. (*People* v. *McFarren,* 155 Cal.App.2d 383 [317 P.2d 998].) In the case at bench, the broad assertion by counsel for defense that ''nothing . . . after the arrest is permissible unless the arrest was legal'' suggests probable reliance upon an unlawful search and seizure objection. That the magistrate might have surmised such is suggested by his remarks at the close of the hearing that: ''I think there is reasonable and probable cause to conduct the search on the finding of the marijuana seed; therefore, I will find the defendants held to answer.''

On appeal both parties direct their contentions to the unlawful search and seizure issue.

■ A finding by the magistrate that probable cause exists for a search, if supported by substantial evidence, must be accepted in determining the issue on a motion under Penal Code section 995. (*Rideout* v. *Superior Court,* 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197] ; *Badillo* v. *Superior Court,* 46 Cal.2d 269, 271-272 [294 P.2d 23] ; *People* v. *Harris,* 256 Cal.App.2d 455, 459 [63 Cal.Rptr. 849].) ■ An officer may search an automobile when he has reasonable cause to believe it is carrying contraband. (*People* v. *Terry,* 61 Cal.2d 137, 152 [37 Cal.Rptr. 605, 390 P.2d 381] ; *People* v. *Gale,* 46 Cal.2d 253, 255 [294 P.2d 13] ; *People* v. *Allen,* 254 Cal.App.2d 597, 603-604 [62 Cal.Rptr. 235] ; *People* v. *Brajevich,* 174 Cal.App.2d 438, 443 [344 P.2d 815].) Reasonable cause for such belief exists where the facts ''would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion'' that contraband is present; and may be shown by ''evidence which inclines the mind to believe, but leaves some room for doubt.'' (*People* v. *Ingle,* 53 Cal.2d 407, 412-413 [2 Cal.Rptr. 14, 348 P.2d 577].) ■ Circumstances may justify the search of an automobile although they would not justify the search of a home or other fixed piece of property (*People* v. *Webb,* 66 Cal.2d 107, 114-115 [56 Cal.Rptr. 902, 424 P.2d 342, 19 A.L.R.3d 708] ; *People* v. *Harris, supra,* 256 Cal.App.2d

455, 460), and the issue of reasonable cause must be determined accordingly.

 Applying the foregoing rules to the facts in the case at bench, we conclude the officer, upon observing a marijuana seed in the automobile in which defendants were riding, had reason to believe other marijuana might be located in the automobile. Under these circumstances, the right to search was not related to the arrest; existed independently thereof; and, as hereinafter noted, was not affected thereby. (*People* v. *Allen, supra,* 254 Cal.App.2d 597, 603-604; *People* v. *Brajevich, supra,* 174 Cal.App.2d 438, 443 [344 P.2d 815].)

Defendants contend a finding of reasonable cause to search for contraband may not be predicated upon observation of a marijuana seed, because it is a nonusable quantity and a conviction for possession of marijuana could not be premised upon possession thereof under the rule in *People* v. *Leal,* 64 Cal.2d 504 [50 Cal.Rptr. 777, 413 P.2d 665]. There is no merit to this contention. The sufficiency of evidence to support a showing of probable cause is not measured by its sufficiency to support the conviction of an offense. (*People* v. *Ingle, supra,* 53 Cal.2d 407, 413.) The decision in *People* v. *Leal, supra,* 64 Cal.2d 504, defines the offense of possession of narcotics; declares an element of that offense is possession of a quantity usable for sale or consumption; recognizes the legal significance of possession of a lesser quantity; and does not support defendants' position in the premises. (*People* v. *Griffin,* 250 Cal.App.2d 545, 552 [58 Cal.Rptr. 707].) We conclude the observation in an automobile of a substance appearing to be a narcotic, even though not in a usable amount, furnishes probable cause to believe a larger amount thereof may be located therein and authorizes a search of the automobile to find it. (*People* v. *Alvarado,* 250 Cal.App.2d 584, 590 [58 Cal.Rptr. 822] ; *People* v. *McClain,* 209 Cal.App. 2d 224, 226 [26 Cal.Rptr. 244] ; see also *People* v. *Terry,* 61 Cal.2d 137, 152 [37 Cal.Rptr. 605, 390 P.2d 381] ; *People* v. *Ceccone,* 260 Cal.App.2d 886, 890 [67 Cal.Rptr. 499] ; *People* v. *Mosco,* 214 Cal.App.2d 581, 584 [29 Cal.Rptr. 644] ; *People* v. *Carnes,* 173 Cal.App.2d 559, 562, 566 [343 P.2d 626] ; and cf. *People* v. *Blodgett,* 46 Cal.2d 114, 117 [293 P.2d 57], where cause to search for contraband existed even though the officer did not see any substance.)

 An additional circumstance giving cause to believe a search of defendants' automobile would reveal the presence of contraband is the fact when the officer asked Schultz if he

knew what the substance was, the latter replied: "It looks like marijuana." (*People* v. *Mora*, 232 Cal.App.2d 400, 404 [42 Cal.Rptr. 725].) Although, at this time, the officer had placed defendants in custody, he was continuing his investigation. He had advised them of their constitutional rights in the premises, and the reply to his interrogation was admissible in evidence on the issue of reasonable cause. Even assuming defendants were illegally arrested because, as they claim, the officer did not have probable cause to arrest them after observing the substance in the car which he believed to be marijuana, this illegality did not in any way taint the interrogation or the reply. The officer was authorized to detain and question defendants without arresting them as an investigatory procedure. (*People* v. *One 1960 Cadillac Coupe,* 62 Cal.2d 92, 95 [41 Cal.Rptr. 290, 396 P.2d 706]; *People* v. *Mickelson,* 59 Cal.2d 448, 450 [30 Cal.Rptr. 18, 380 P.2d 658]; gen. see *People* v. *Ellsworth,* 190 Cal.App.2d 844, 846-847 [12 Cal.Rptr. 433].) The circumstances do not justify application of the rule that evidence "obtained by exploiting an illegal arrest or detention" is illegal. (*People* v. *Sesslin,* 68 Cal.2d 418, 426-427 [67 Cal.Rptr. 409, 439 P.2d 321].) The evidence obtained by Schultz' interrogation was not the product of the alleged illegal arrest. (Gen. see *People* v. *Chimel,* 68 Cal.2d 436 442-443 [67 Cal.Rptr. 421, 439 P.2d 333]; *People* v. *Bilderbach,* 62 Cal.2d 757, 762-767 [44 Cal.Rptr. 313, 401 P.2d 921]; *People* v. *Brajevich, supra,* 174 Cal.App.2d 438, 442-443.)

The finding of the magistrate there was reasonable and probable cause to conduct the search is supported by substantial evidence. The testimony respecting the presence of marijuana in the glove compartment of the automobile and in defendants' shirts properly was admitted. The conclusion of the trial court to the contrary was error.

The order is reversed.

Brown (Gerald), P. J., and Whelan, J., concurred.