776 So.2d 1062 (2001)
S.L.K., Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1328.
District Court of Appeal of Florida, Fourth District.
February 7, 2001.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
*1063 Robert A. Butterworth, Attorney General, Tallahassee, and Thomas C. Mielke, Assistant Attorney General, Fort Lauderdale, for appellee.
LABARGA, JORGE, Associate Judge.
Appellant, S.L.K., a child, was charged by Amended Petition with felony fleeing or eluding and resisting an officer without violence. After a nonjury adjudicatory hearing, the trial court entered a disposition order adjudicating S.L.K. delinquent. Thereafter, contrary to the recommendation of the Department of Juvenile Justice (Department), the trial court committed S.L.K. to a Level 8 program, suspended it upon acceptance and completion of a Level 6 boot camp, and retained jurisdiction over him until he reaches the age of twenty-one.
S.L.K. raises a number of issues in his appeal. We find merit in his arguments that the trial court failed to sufficiently express its reasons for departing from the recommendation for commitment provided by the Department, that the court's stated reasons were not supported by competent and substantial evidence, and that the trial court erred in its decision to retain jurisdiction over S.L.K. until he reaches the age of twenty-one.
After a nonjury adjudicatory hearing, S.L.K. was found guilty of both counts as charged in the Amended Petition. In its pre-disposition report, the Department recommended that S.L.K. be committed for placement in a Level 6, moderate-risk residential program, followed by re-entry supervision with a specific intervention and treatment plan.
At the disposition hearing, the state argued for a higher level of commitment on the grounds that it had been dealing with S.L.K. since 1994 and he continued to reoffend. The state also noted that S.L.K.'s mother was very ill and, consequently, was not able to afford her child the supervision he required. The state also noted that S.L.K. was in custody on new felony charges at the time of the disposition hearing.
The Court committed S.L.K. to a Level 8 program with the proviso that said commitment be suspended upon acceptance to and completion of a Level 6 boot camp program. If S.L.K. was not accepted into boot camp, or if accepted and he failed to complete the program, he would go straight into a Level 8 program. The disposition order provides that "the child [be] placed in a Level 8 program. The placement is for an indefinite period, but no longer than the maximum allowable by law or the child's 21st birthday." The trial court also retained jurisdiction until S.L.K. reaches age twenty-one.
Section 985.23(3), Florida Statutes (1999), provides as follows:
(a) If the court determines that the child should be adjudicated as having committed a delinquent act and should be committed to the department, such determination shall be in writing or on the record of the hearing. The determination shall include a specific finding of the reasons for the decision to adjudicate and to commit the child to the department ...
(b) If the court determines that the commitment to the department is appropriate, the juvenile probation officer shall recommend to the court the most appropriate placement and treatment plan, specifically identifying the restrictiveness level most appropriate for the child ... The court shall consider the department's recommendation in making its commitment decision.
(c) The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department. Any party may appeal the court's findings resulting in a *1064 modified level of restrictiveness pursuant to this paragraph.
Because the trial court's decision to disregard the Department's recommendation must be supported by a preponderance of the evidence, the appellate standard of review is whether the trial court's findings are supported by competent substantial evidence. See A.C .N. v. State, 727 So.2d 368, 369 (Fla. 1st DCA 1999). While section 985.23 expressly affords the trial court the discretion to depart from the Department's recommendation, it does not grant the trial court the authority to reject the Department's recommendation simply because it disagrees with the Department's assessment. See id. The trial court's reasons for disregarding the Department's recommendation must not only be stated on the record, the reasons must also be supported by a preponderance of the evidence. See id. In addition, the reasons set forth by the court for disregarding the recommendation level must reference the characteristics of the restrictiveness level vis-a-vis the needs of the child. See A.G. v. State, 737 So.2d 1244 (Fla. 5th DCA 1999); see e.g., A.F. v. State, 731 So.2d 851 (Fla. 4th DCA 1999) (this court upheld the trial court's finding that the juvenile's striking of his two-year-old nephew was not accidental and warranted commitment to level six moderate risk program in light of the court's consideration of the juvenile's sophistication, maturity, past record and history, the juvenile's needs and protection of the community).
Upon review, we find that the trial court's findings for disregarding the Department's recommendation are not supported by competent substantial evidence.[1] Further, the trial court's findings do not sufficiently set forth, as required by section 985.23(3), "... the reasons which establish by a preponderance of the evidence why [it has disregarded] the assessment of the department." See § 985.23(3)(c), Fla.Stat. (1999).
Accordingly, we reverse and remand for the trial court to either commit S.L.K. to the level of restrictiveness recommended by the Department or to set forth sufficient reasons to support any departure therefrom in accordance with section 985.23(3)(c), Florida Statutes.
We also find that the trial court erred in retaining jurisdiction over S.L.K. until he reaches the age of twenty-one.
Section 985.201(1), Florida Statutes (1999), specifically provides that "[t]he circuit court has exclusive original jurisdiction of proceedings in which a child is alleged to have committed a delinquent act or violation of law." Section 985.201(4)(a) generally provides that once the circuit court obtains jurisdiction over a juvenile under Chapter 985, the court may retain jurisdiction until the child reaches nineteen years of age:
Notwithstanding ss. 743.07, 985.229, 985.23, and 985.231, and except as provided in ss. 985.31 and 985.313, when the jurisdiction of any child who is alleged to have committed a delinquent act or violation of law is obtained, the court shall *1065 retain jurisdiction, unless relinquished by its order, until the child reaches 19 years of age, with the same power over the child that the court had prior to the child becoming an adult.
See S.R.A. v. State, 766 So.2d 277 (Fla. 4th DCA 2000)(citing Henry & Rilla White Found., Inc. v. Migdal, 720 So.2d 568, 571-72 (Fla. 4th DCA 1998)), approved, 772 So.2d 1217 (Fla.2000).
Section 985.231 provides the courts with disposition authority in delinquency cases. The statute provides:
(1)(a) The court that has jurisdiction of an adjudicated delinquent child may, by an order stating the facts upon which a determination of a sanction and rehabilitative program was made at the disposition hearing:
. . . .
3. Commit the child to the Department of Juvenile Justice at a restrictiveness level defined in s. 985.03. Such commitment must be for the purpose of exercising active control over the child, including, but not limited to, custody, care, training, urine monitoring, and treatment of the child and release of the child into the community in a postcommitment nonresidential aftercare program. If the child is not successful in the aftercare program, the department may use the transfer procedure under s. 985.404. Notwithstanding s. 743.07 and paragraph (d), and except as provided in s. 985.31, the term of the commitment must be until the child is discharged by the department or until he or she reaches the age of 21.
Clearly, under section 985.231, the circuit court has jurisdiction over an adjudicated delinquent and it may commit the juvenile to the Department until the child is discharged by the Department or until he or she reaches the age of twenty-one. Thus, section 985.231 permits the circuit court to retain jurisdiction in the event that the juvenile's commitment extends until his or her twenty first birthday. However, section 985.231(1)(a)3 does not permit the court to continue to retain jurisdiction if the juvenile is discharged from his or her commitment prior to age twenty-one. Under such circumstances, the court's authority to retain jurisdiction is limited to the child's nineteenth birthday pursuant to section 985.201(4)(a), Florida Statutes (1999).
In this case, the trial court's disposition order required that, "the child [is to be] placed in a Level 8 program. The placement is for an indeterminate period, but no longer than the maximum sentence allowable by law or the child's 21st birthday." It is quite possible that S.L.K. may be discharged from the Level 8 program, or the Level 6 program if accepted, prior to reaching his twenty-first birthday. Given the language in section 985.231(1)(a)3 that the term of the commitment must be until the child is discharged by the Department or until he or she reaches the age of 21, even if S.L.K. is discharged by the Department prior to his twenty-first birthday, the trial court's disposition order will have the effect of unlawfully extending the court's jurisdiction over the child after his discharge and after his nineteenth birthday.[2]
Accordingly, upon remand, should the trial court decide to impose the same disposition, its continued jurisdiction over the child shall cease when he reaches the age of nineteen.
As to all other issues raised by appellant, we affirm without comment.
Affirmed in part; reversed in part and remanded to the trial court for further proceedings.
STEVENSON and GROSS, JJ., concur.
NOTES
[1] As its reasons for departure, the trial court noted:

If I put you in the boot camp would you do it? I think it would be worthwhile for you. I mean it won't be fun, but at least you have a shot here at getting yourself back together. I'll put you level eight and suspend it. And say if you complete the boot camp you're fine. If you don't complete boot camp you're going to level eight.
. . . .
Actually in some structure you mayit may do some good. I know you're trying to end this thing and move on. But you alsoyou get the structure you may turn out to be okay, you know. Otherwise, you know where you're headed obviously, DOC, you know, you've got a chance here. You can turn it around if you do the boot camp.
. . . .
Well, what I'd do if [S.L.K.] is willing to go in boot camp. He's willing to do that thenand boot camp won't take him then that's not his fault there. I'd like to give him some other type stringent level six program beyond what he's done. There's nothing else for him to do besides boot camp in level six.
[2] Clearly, if S.L.K.'s commitment extended to his twenty-first birthday without the possibility of a discharge prior thereto, the court could have retained jurisdiction until the twenty-first birthday.