[Crim. No. 15272. Second Dist., Div. Four. Mar. 25, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. EDSEL ALEX-
ANDER JOHNSON, Defendant and Appellant.

Richard S. Buckley, Public Defender, Charles A. Maple,
John J. Gibbons and James L. McCormick, Deputy Public
Defenders, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James,
Assistant Attorney General, and Jeffrey T. Miller, Deputy
Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Defendant appeals from the judgment
entered upon his conviction of possession of marijuana. He
contends that the conviction was the result of an illegal search
and seizure.

Thomas Harvey and Officer David Bailey testified for the

prosecution. At about 1:45 a.m., Mr. Harvey was driving home when he stopped at an intersection for a red signal light. While he was waiting for the light to change another automobile entered the intersection and skidded broadside into his car. The man driving the other car immediately backed off and drove away from the scene of the accident. Harvey managed to get his car over to the side of the road and telephoned the police. Officer Bailey arrived about 45 minutes later and took a report. Harvey then called his wife. After she picked him up in their other car, they began to drive around the area looking for the hit-run car. Harvey did not believe it could have been driven far because of the way it was damaged. About six or eight blocks from where the accident occurred Harvey spotted the car. It was parked by the side of the road. They found a police car, told the officers in it what had happened and the officers followed them back to where the hit-run car was parked. Harvey pulled in front of the car and watched as the officers approached it on foot. They opened the door and discovered a man lying on the front seat, apparently asleep. The officers got the man out of the car and Harvey recognized him as the person who was driving the car when it struck his car. The man was defendant.

Harvey did not approach defendant but remained with his wife at their car about 20 or 30 feet away. After informing the officers that defendant was the hit-run driver, Harvey asked them if they were going to arrest him. They responded that, since Harvey was not hurt in the accident, the offense committed by defendant was a misdemeanor, and they could not arrest defendant for a misdemeanor. Harvey told the officers that he wanted defendant arrested. The officers then handcuffed defendant and placed him in the back seat of their police car.

About 20 minutes later Officer Bailey (the officer who had taken the initial accident report) drove up. Bailey was informed that defendant had been placed under arrest; that it was a citizen's arrest for misdemeanor hit and run which had been effected by the citizen with the assistance of the two officers. Bailey then removed defendant from the police car and, preparatory to putting him in his own vehicle, conducted a patdown of his person. He felt a round, hard object in defendant's right front pants' pocket which he thought might be a knife. He withdrew the object. It was a tightly wrapped paper bag containing marijuana (which was subsequently introduced against defendant). After making this

discovery Officer Bailey placed defendant in his own police car and transported him to jail.

 Defendant's contention that an illegal search and seizure occurred is predicated solely on the argument that he was illegally arrested. He correctly points out that the officers could not lawfully arrest him for the hit and run misdemeanor offense, since it was not committed in their presence. (Pen. Code, § 836.) He argues that the facts do not establish that a valid citizen's arrest took place.

 A private person may arrest another for a public offense—*i.e.*, a misdemeanor—committed or attempted in his presence. (*People* v. *Sjosten,* 262 Cal.App.2d 539, 543 [68 Cal.Rptr. 832] ; Pen. Code, § 837.)

In *Sjosten, supra,* the defendant was observed by a woman from her window prowling around the premises of her neighbors late at night. She promptly called the police. When the officers arrived they observed defendant walking on the street. They brought him over to the woman's house. Because she was dressed only in bed clothes, she did not go outside but identified defendant through the window. When the officers explained that they could not arrest him since they did not see him prowling, but that she could make a citizen's arrest, the woman said she wanted him arrested but asked the officers to arrest him for her. The court, concluding that a valid citizen's arrest took place, stated (at p. 544) : "The fact that she did not physically confront appellant is not significant. It is sufficient that she directed the officer to make the arrest and observed him doing so from her window."

In *People* v. *Harris,* 256 Cal.App.2d 455 [63 Cal.Rptr. 849], a witness observed the defendant commit a misdemeanor hit and run violation. He pursued and overtook defendant and forced him to pull to a stop. He then detained defendant and sent for a policeman who took defendant into custody. The court held that the evidence supported a finding that the witness had made a legal citizen's arrest despite the fact the witness never stated to defendant that he was under arrest.

 As in the *Harris* and *Sjosten* cases, the evidence in the case at bench supports the conclusion that a lawful citizen's arrest had been made, with the officers making the arrest for and at the direction of Mr. Harvey.

Contrary to the argument of defendant, a different finding is not required because of Mr. Harvey's testimony on cross-examination that he did not make the arrest. Harvey testified that, after the officers explained that they could not arrest

defendant, he said he wanted defendant arrested, and they then arrested him. The trial court was entitled to conclude that the witness, a layman unaware of the intricacies of the legal situation presented, was alluding to the fact that the officers made the actual physical arrest.

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 21, 1969.