Phillip MOXIE, Appellant,

v.

STATE of Alaska, Appellee.

No. 7192.

Court of Appeals of Alaska.

May 6, 1983.

Carolyn Lathrop, Frederick Torrisi, Dillingham, for appellant.

Paul E. Olson, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

Phillip Moxie was convicted by a Dillingham jury of assault in the fourth degree in violation of AS 11.41.230, criminal trespass in the second degree in violation of AS 11.46.330, and resisting arrest in violation of AS 11.56.700(a). On appeal, Moxie challenges only the validity of his resisting arrest conviction.

Moxie was arrested at the Dillingham Hotel. Dillingham Police Officer Darby Hinz was called to the hotel by Lois Robin-

son, the manager, after Moxie had been restrained following an assault on Robinson. When Officer Hinz arrived, Robinson informed him that she wanted to press charges against Moxie, and she signed private citizen's arrest forms. Moxie refused to cooperate with Hinz' subsequent efforts to take him into custody.

Moxie claims that the trial court erred in denying his motion for judgment of acquittal. The motion was based upon the language of AS 11.56.700, which does not expressly prohibit resistance to arrests made by private persons.[1] Moxie contends that he could not be convicted of resisting arrest pursuant to AS 11.56.700 because he was arrested by Lois Robinson, who is not a peace officer. Moxie also argues that Officer Hinz could not have lawfully arrested him because Hinz did not witness the conduct that gave rise to these misdemeanors. *See* AS 12.25.030(a).

 We have concluded that the trial court did not err in denying Moxie's motion for a judgment of acquittal. Officer Hinz' attempt to take custody of Moxie at the express request of Lois Robinson was unquestionably proper. Certainly, it is not the sole responsibility of a person making a citizen's arrest to subdue, control and transport the arrestee into the formal custody of the state. We agree with the position taken by the California Court of Appeals: in this situation, a peace officer must be regarded as an agent of the person making the arrest. *In Re Roland K.,* 82 Cal.App.3d 295, 147 Cal.Rptr. 96, 97 (Cal.App.1978); *Green v. Department of Motor Vehicles,* 68 Cal.App.3d 536, 137 Cal.Rptr. 368 (Cal.App. 1977). *See also People v. Campbell,* 27 Cal. App.3d 849, 104 Cal.Rptr. 118, 121 (Cal.App. 1972); *People v. Sjosten,* 262 Cal.App.2d 539, 68 Cal.Rptr. 832, 836 (Cal.App.1968).

We believe it to be well within the inherent authority of the arresting citizen to seek the aid of a law enforcement officer and well within the scope of an officer's duties to render aid to a citizen who requests assistance in making an arrest. Consequently, we hold that AS 11.56.700 precludes resistance to a law enforcement officer's attempts to take an arrestee into custody where, as here, the private person who initiates the arrest has delegated this task to the peace officer.

The decision of the district court is AFFIRMED.

---

1. AS 11.56.700(a) reads in pertinent part:

   (a) A person commits the crime of resisting or interfering with arrest if, knowing that a peace officer is making an arrest, with the intent of preventing the officer from making the arrest, he resists the arrest of himself or interferes with the arrest of another by

   (1) force;
   (2) committing any degree of criminal mischief; or
   (3) any means that creates a substantial risk of physical injury to any person.