943 P.2d 62

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Bertha Fay SUTHERLAND, Defendant–Respondent.**

**No. 23137.**

Court of Appeals of Idaho.

July 25, 1997.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General, Boise, for appellant.

Bruce H. Greene, Sandpoint, for respondent.

WALTERS, Chief Judge.

On appeal the state claims that the district court erred in granting Bertha Sutherland's motion to suppress the evidence obtained from her purse following Sutherland's arrest. The district court held that Sutherland had been unlawfully arrested. For the reasons set forth below, we reverse the suppression order and remand this case for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 1995, at approximately 1:30 a.m., the Priest River Police Department received a telephone call concerning a fight between two women which was occurring at a local bar. Deputy Michael Barnes and Deputy John Lunde, both of the Bonner County Sheriff's Department, arrived at the bar on foot and Officer Ernie Bauer, of the Priest River Police Department, arrived in a patrol car. The police learned that Bertha Fay Sutherland and Shelly Gomaa were the women involved in the altercation.

Officer Bauer talked with Gomaa who requested that Sutherland be arrested for battery. She also told the officer that Sutherland may have a weapon in her purse. Officer Bauer approached Sutherland, who was standing several feet away from Gomaa, and informed her that Gomaa wanted her placed under citizen's arrest. He also asked Sutherland if he could search her purse for weapons. Sutherland refused to surrender the purse, responding that she did not have any weapons.

After a short while, Officer Bauer informed Sutherland that she was being detained because Gomaa intended to make a citizen's arrest for the alleged battery. The police handcuffed Sutherland and transported her to the Priest River Police Department, which was located less than a block away. Before Sutherland was booked, Gomaa filled out a citizen's arrest form, signed it and informed Sutherland that she was placing her under citizen's arrest for battery. Officer Bauer then searched Sutherland's purse and found two baggies, each containing a green leafy plant substance. The substance was subsequently identified as marijuana.

After Sutherland was arrested for misdemeanor battery, she was also charged with felony possession of a controlled substance, I.C. § 37–2732(e).[1] Sutherland filed a motion to suppress the evidence, claiming that the warrantless search was pursuant to an unlawful arrest, and that the search of her purse lacked probable cause. Following a hearing on the motion, the district court granted the suppression motion. The court held that the arrest was made by the police at the scene, and that the arrest was unlawful because the battery constituted a misdemeanor and, in order for the police to make an arrest for such an offense, the act had to have been committed in the presence of the police. See, I.C. § 19–603(1). The court also held that a citizen's arrest did not occur because Gomaa did not personally restrain

---

1. The state subsequently dropped the misdemeanor battery charge.

Sutherland and take her into custody before delivering Sutherland to the police. Based on these holdings, the district court granted the suppression motion. It is from this order that the state now appeals.

## II. DISCUSSION

The issue on appeal is whether the district court erred in granting the motion to suppress the marijuana found in Sutherland's purse because the court held that the arrest conducted by the police at the scene was unlawful.

■■■ A trial court's decision on a motion to suppress presents mixed questions of law and fact. *State v. McAfee*, 116 Idaho 1007, 1008, 783 P.2d 874, 875 (Ct.App.1989); *State v. Jones*, 115 Idaho 1029, 1031, 772 P.2d 236, 238 (Ct.App.1989). On appeal, we defer to the trial court's findings of fact if they are supported by the evidence. *State v. Connor*, 124 Idaho 547, 548, 861 P.2d 1212, 1213 (1993); *State v. Medley*, 127 Idaho 182, 185, 898 P.2d 1093, 1096 (1995). However, we freely review the trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found. *Id.*

### A. Private Citizen's Arrest.

The state contends that the district court erred in granting the suppression motion because a valid citizen's arrest took place at the bar. Alternatively, the state argues that if such an arrest did not occur at the scene, then a valid citizen's arrest occurred at the police station shortly thereafter.[2] The state asserts that Gomaa summoned the police for assistance pursuant to I.C. § 19–606, so that she could make the arrest. It also contends that by responding to Gomaa's request for assistance, the police acted as her agent,

restraining Sutherland so Gomaa could conduct the citizen's arrest.

■■ Under Idaho law, a private individual may arrest another for the commission of a public offense committed or attempted in his or her presence. I.C. § 19–604. An arrest, whether by a police officer or by a private person, is defined as "taking a person into custody in a case and in the manner authorized by law. . . ." I.C. § 19–601. A private citizen, having statutory authority under I.C. Section 19–604, may arrest another at night without a warrant of arrest for a misdemeanor committed in his presence. I.C. §§ 19–604 and 19–607; *Sima v. Skaggs Payless Drug Center, Inc.*, 82 Idaho 387, 391–92, 353 P.2d 1085, 1087 (1960). Furthermore, the person making the arrest must "inform the person to be arrested of the intention to arrest him, of the cause of the arrest, and the authority to make it." I.C. § 19–608. Once a private person has arrested another for a public offense, the citizen effectuating the arrest "must, without unnecessary delay, take the person arrested before a magistrate, or deliver him to a peace officer." I.C. § 19–614.

We begin by considering whether the officers' acts of detaining, handcuffing and transporting Sutherland to the police station constituted an arrest by the police, or whether the officers were merely assisting Gomaa in conducting a citizen's arrest. By statute, an individual can summon assistance under I.C. Section 19–606[3], in making a citizen's arrest. Courts in other jurisdictions, who have reviewed similar factual situations, have held that the police may come to a citizen's assistance. For example, in *Moxie v. State*, 662 P.2d 990 (Alaska App.1983), police came to a hotel where the defendant had assaulted the female hotel manager. The manager

---

2. Sutherland asserts that the state cannot argue that her arrest occurred pursuant to a proper citizen's arrest which took place at the police station because the argument is being made for the first time on appeal. She argues that the state's primary argument to the district court was that the arrest was a valid police arrest. She asserts that the argument pertaining to the citizen's arrest was only "tangentially mentioned" in the last sentence of the state's brief to the district court and, thus, was not fully argued below. We disagree. The record sufficiently

shows that the state argued the validity of a citizen's arrest before the district court and the court addressed the issue in its opinion granting the suppression motion.

3. Idaho Code Section 19–606 provides that:

  **Persons arresting may summon assistance.**—Any person making an arrest may orally summon as many persons as he deems necessary to aid him therein.

informed the police that she wanted to press charges against Moxie, and she signed the necessary forms for a private citizen's arrest. Moxie then resisted the officer's efforts to take him into custody. A jury subsequently found Moxie guilty of assault, criminal trespass and resisting arrest. On appeal, Moxie challenged only the conviction for resisting arrest, asserting in pertinent part that the officer could not lawfully arrest him because the officer did not witness the commission of the underlying misdemeanor. The Alaska Court of Appeals rejected Moxie's argument, holding that the officer was lawfully engaged in assisting a citizen in carrying out a citizen's arrest. The court concluded that:

> the trial court did not err in denying Moxie's motion for judgment of acquittal. Officer Hinz' attempt to take custody of Moxie at the express request of Lois Robinson [the hotel manager] was unquestionably proper. Certainly, it is not the sole responsibility of a person making a citizen's arrest to subdue, control and transport the arrestee into the formal custody of the state.... [I]n this situation, a peace officer must be regarded as an agent of the person making the arrest.

> We believe it to be well within the inherent authority of the arresting citizen to seek the aid of a law enforcement officer and well within the scope of an officer's duties to render aid to a citizen who requests assistance in making an arrest. Consequently, we hold that ... [the resisting arrest statute] precludes resistance to a law enforcement officer's attempts to take an arrestee into custody where, as here, the private person who initiates the arrest has delegated this task to the peace officer.

662 P.2d at 991 (citations omitted).

Similarly, in *People v. Sjosten,* 262 Cal. App.2d 539, 68 Cal.Rptr. 832 (1968), a woman saw a prowler in her neighborhood late at night. Police officers arrived on the scene and found the defendant. The officers informed the woman who had made the call that they could not make the arrest but that she could make a citizen's arrest if she so desired. The woman said that she wanted the defendant arrested, and asked the officers to make the arrest for her because she was in her robe and nightgown. She later signed a citizen's arrest form.

■ Sjosten challenged the arrest and the subsequent search of his car. The court held that there had been a valid citizen's arrest, citing a statute virtually identical to I.C. § 19–606. The court stated that:

> As to the delegation of her authority to another person [to make a citizen's arrest], section 839 of the [California] Penal Code provides: "Any person making an arrest may orally summon as many persons as he deems necessary to aid him therein." This statute impliedly authorizes the delegation of the physical act of taking an offender into custody. Frequently, as under the circumstances of this case, it is most prudent for a private citizen to summon a police officer to assist in making the arrest.

> ....

> [T]he authority of Officer Smith to make the arrest at the request of Mrs. Morales is well established. The fact that she did not physically confront appellant is not significant. It is sufficient that she directed the officer to make the arrest and observed him doing so from her window. We conclude that the appellant was lawfully detained on a citizen's arrest....

68 Cal.Rptr. at 836 (citations omitted). *See also People v. Johnson,* 271 Cal.App.2d 51, 76 Cal.Rptr. 201 (1969) (valid citizen's arrest occurred when officer made arrest for and at direction of victim). We agree with the decisions of the Alaska and California courts and hold that a police officer can act as an agent of a citizen who summons assistance in aid of making a citizen's arrest.

According to the record in the case before, it is undisputed that: (1) a physical altercation took place between Gomaa and Sutherland outside of the bar when the police were not present; (2) after the fight, Gomaa went into the bar and asked the bartender to call the police; (3) when Officer Bauer arrived, Gomaa informed him that she wanted Sutherland arrested for battery; (4) Officer Bauer told Gomaa that if she wanted Sutherland arrested for misdemeanor battery, she would have to perform a citizen's arrest; (5)

the police informed Sutherland that she was being detained because Gomaa intended to make a citizen's arrest for battery; (6) the police handcuffed and transported Sutherland to the Priest River Police Department; and (7) Gomaa completed the necessary citizen's arrest forms and informed Sutherland of the citizen's arrest at the police station. Furthermore, in response to defense counsel's question as to why the citizen's arrest was not completed at the scene, Officer Bauer testified:

[a]t the time I didn't feel Bertha's attitude was conducive to having the victim come over and make the statement. She [Sutherland] was ... being very irate.... I though it would be best to just go around the block. It was not even a half a block to the police station. . . .

Deputy Barnes also testified that during his encounter with Sutherland on the scene, she was "highly intoxicated," "very loud and boisterous," "argumentative" and continued to verbally attack Gomaa in attempts to provoke her. He also testified that after being informed that she was being detained for a citizen's arrest, Sutherland's language became very loud and abusive, she started screaming and she tried to push past the deputies. It was at this point that Sutherland was physically restrained by the police by handcuffs. Given Sutherland's conduct, Officer Bauer's decision to defuse the situation by removing the parties from the scene and have the citizen's arrest completed at the police station, which was one-half of a block away, was prudent. At the police station, Gomaa completed the necessary documentation for the citizen's arrest, and followed the requirements set forth in I.C. Section 19–608.

■ We therefore conclude that the district court erroneously held that the police unlawfully arrested Sutherland at the scene. We also hold that the undisputed facts show that Gomaa made a valid citizen's arrest at the police station.

**B. Search of Sutherland's Purse.**

We turn next to whether the police conducted a proper warrantless search of Sutherland's purse. The state argues that the police made a valid search of the purse incident to the citizen's arrest. We agree.

■ A warrantless search by law enforcement officials is unreasonable and therefore violative of the Fourth Amendment to the United States Constitution unless the search comes within certain specific and well-delineated exceptions to the warrant requirement. *State v. Weaver,* 127 Idaho 288, 290, 900 P.2d 196, 198 (1995); *State v. Woolery,* 116 Idaho 368, 370, 775 P.2d 1210, 1212 (1989), *cert. denied,* 511 U.S. 1057, 114 S.Ct. 1623, 128 L.Ed.2d 348 (1994). A search incident to an arrest is a well-established exception to the warrant requirement. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *State v. McIntee,* 124 Idaho 803, 804, 864 P.2d 641, 642 (Ct.App.1993). Under this exception, police may search an arrestee following a lawful custodial arrest. *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *State v. Shepherd,* 118 Idaho 121, 122, 795 P.2d 15, 16 (Ct.App.1990).

■ Sutherland's arrest was a valid citizen's arrest. Officer Bauer conducted a warrantless search of Sutherland's purse immediately after she had been placed under citizen's arrest by Gomaa. Because police officers may conduct a search of an arrestee incident to a citizen's arrest once the subject has been placed in their custody, *State v. Moore,* 129 Idaho 776, 779, 932 P.2d 899, 902 (Ct.App.1996), we hold that Officer Bauer's warrentless search of Sutherland's purse was a proper search incident to an arrest.

### III. CONCLUSION

The order denying the motion to suppress the seized evidence is reversed. This case is remanded for further proceedings.

LANSING and PERRY, JJ., concur.