22 P.3d 112

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gordon Francis LAGASSE, Defendant–Appellant.**

No. 25865.

Court of Appeals of Idaho.

April 4, 2001.

Ronaldo A. Coulter, State Appellate Public Defender; Richard J. Hansen, Deputy Appellate Public Defender, Boise, for appellant. Richard J. Hansen argued.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent. Karen A. Hudelson argued.

PERRY, Judge.

Gordan Francis Lagasse appeals from his judgment of conviction entered upon his conditional plea of guilty to possession of methamphetamine. I.C. § 37–2732(c)(1). For the reasons set forth below, we affirm.

## I.

### BACKGROUND

On January 31, 1999, a security officer employed by a department store observed Lagasse pick up a box of perfume and walk to a counter. The security officer then saw Lagasse pass the perfume to his wife, who

concealed it in a shopping bag and exited the store without paying for the item.

After pursuing and detaining Lagasse's wife, the security officer returned to the store and located Lagasse. The security officer showed Lagasse his badge, identified himself as security, and asked to talk to Lagasse concerning the merchandise. The security officer informed Lagasse that he would be placed in handcuffs. Lagasse resisted, and another store employee assisted the security officer in detaining Lagasse. A Moscow police officer arrived at the store shortly thereafter. At the time the police officer arrived, Lagasse was lying prone on the floor while being held down by the store employee. The security officer then asked the police officer if he could borrow the officer's handcuffs to use on Lagasse. The officer complied with this request, and the security officer proceeded to handcuff Lagasse.

Lagasse was escorted to the department store security office by the police officer. The security officer, Lagasse, and Lagasse's wife entered the security office together, while the police officer remained outside. While inside the security office Lagasse admitted to stealing merchandise from the store and consented to a search of his coat by the security officer for additional stolen merchandise. Although the search revealed no additional store merchandise, the security officer discovered a small plastic bag containing a white powdery substance. The security officer showed the police officer the plastic bag. The substance in the plastic bag later field tested positive for amphetamine.

Lagasse was charged with possession of methamphetamine. He moved to suppress the methamphetamine found in his coat on the grounds that it was seized during an illegal search. The district court denied the motion following a hearing. Lagasse entered a conditional plea of guilty reserving the right to appeal the denial of his motion to suppress.

## II.

## ANALYSIS

■ On appeal, Lagasse argues that the district court erred in denying his motion to suppress evidence. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact which are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson,* 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996). At a suppression hearing the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez–Molina,* 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers,* 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct.App.1999).

■ Lagasse asserts that, at the time of the search, the security officer was acting as an agent of the state. Therefore, Lagasse contends that the security officer's search of his coat violated the state and federal constitutional prohibitions against unreasonable searches and seizures. The Fourth Amendment of the United States Constitution and Article I, Section 17 of the Idaho Constitution protect people from unreasonable searches and seizures by agents of the government. *State v. Cook,* 106 Idaho 209, 214, 677 P.2d 522, 527 (Ct.App.1984). The search of Lagasse's coat was conducted without a warrant. Warrantless searches are deemed to be "per se unreasonable" and the burden is upon the state to demonstrate that the search was carried out pursuant to one of the exceptions to the warrant requirement. *Id.*

■ Although the district court relied on the doctrine of inevitable discovery in denying Lagasse's motion to suppress, the state raises two alternative theories on appeal in support of the district court's decision. Where a ruling in a criminal case is correct, though based upon an incorrect reason, it still may be sustained upon the proper legal theory. *State v. Pierce,* 107 Idaho 96, 102, 685 P.2d 837, 843 (Ct.App.1984). The state argues that the security officer's search of Lagasse's jacket was lawful as a search incident to a valid arrest and that Lagasse's constitutional rights were not implicated because the security officer was acting as a

private citizen and not as an agent of the government at the time of the search.

We will first address the state's argument that the search was lawful as a search incident to a valid citizen's arrest. It is well established that a warrantless search of a suspect's person incident to and following a lawful arrest is not an unreasonable search violative of the federal and state constitutions. *Chimel v. California*, 395 U.S. 752, 756, 89 S.Ct. 2034, 2036, 23 L.Ed.2d 685, 690 (1969); *State v. Calegar*, 104 Idaho 526, 529, 661 P.2d 311, 314 (1983); *Cook*, 106 Idaho at 215, 677 P.2d at 528. A search incident to a valid citizen's arrest also falls within this exception. *State v. Sutherland*, 130 Idaho 472, 476, 943 P.2d 62, 66 (Ct.App. 1997). A full search of the arrestee's person is permissible pursuant to a search incident to a lawful arrest. *United States v. Robinson*, 414 U.S. 218, 229, 94 S.Ct. 467, 474, 38 L.Ed.2d 427, 437 (1973).

Thus, we must determine whether Lagasse was placed under arrest prior to the time of the search. An arrest, whether by a police officer or by a private person, is defined as "taking a person into custody in a case and in the manner authorized by law." I.C. § 19–601; *Sutherland*, 130 Idaho at 474, 943 P.2d at 64. Idaho Code Section 19–602 states that "an arrest is made by an actual restraint of the defendant, or by his submission to the custody of an officer." Thus, an arrest occurs only after there has been some action or intent evidencing custody. *State v. Cootz*, 110 Idaho 807, 810, 718 P.2d 1245, 1248 (Ct.App.1986). Under I.C. § 19–604, a private citizen may arrest a person for a misdemeanor public offense committed or attempted in his or her presence. *See State v. Moore*, 129 Idaho 776, 779, 932 P.2d 899, 902 (Ct.App.1996). However, pursuant to I.C. § 19–608 the person making the arrest must "inform the person to be arrested of the intention to arrest him, of the cause of the arrest, and the authority to make it, except when the person to be arrested is actually engaged in the commission of, or an attempt to commit, an offense, or is pursued immediately after its commission, or after an escape."

In the instant case, Lagasse committed a public offense in the presence of the security officer by aiding his wife in the commission of petit theft. *See* I.C. §§ 18–2407(2), 18–304. Thus, the security officer was entitled by law to make a citizen's arrest of Lagasse. Furthermore, by physically detaining Lagasse and placing him in handcuffs, the security guard took action that evidenced his intent to place Lagasse in custody. Although the security officer did not inform Lagasse of his intent to arrest Lagasse or the authority under which the arrest was being made, this failure did not necessarily render the arrest invalid. Idaho Code Section 19–608 provides that the person to be arrested must be informed of this information unless the person is actually engaged in the commission of the offense or is *pursued immediately thereafter.* In this case the security officer delayed his pursuit of Lagasse only for the limited time necessary to successfully pursue and detain Lagasse's wife who had fled the store with the merchandise. After detaining Lagasse's wife, the security officer returned and detained Lagasse. Based on these facts, we conclude that the security officer's pursuit of Lagasse occurred immediately after the commission of the crime for purposes of I.C. § 19–608. Thus, we conclude that the security officer effectuated a lawful citizen's arrest of Lagasse. Therefore, all evidence subsequently discovered as a result of the security officer's search was discovered pursuant to a lawful search incident to a valid arrest.

Having determined that the search was incident to a valid citizen's arrest, we need not reach the question of whether the security officer was acting in the capacity of a private citizen or as an agent of the government at the time of search. We also find it unnecessary to address whether the methamphetamine would have been inevitably discovered as ruled by the district court. For the reasons stated above, we conclude that the district court correctly denied Lagasse's motion to suppress.

### III.

### CONCLUSION

We conclude that the security officer's search of Lagasse was a lawful search inci-

dent to a valid citizen's arrest. Therefore, the district court did not err in denying Lagasse's motion to suppress. Lagasse's judgment of conviction for possession of methamphetamine is affirmed.

Judge LANSING and Judge Pro Tem. WILPER, concur.