■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY SOTO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered July 14, 1986, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The trial court committed reversible error when it delivered an instruction to the jury with regard to the defendant's failure to testify, which instruction not only exceeded the "plain and simple language of CPL 300.10 (2)" *(see, People v Morris,* 129 AD2d 591; *see also, People v McLucas,* 15 NY2d 167), but also contained language "implying that his decision not to testify was a tactical maneuver rather than the exercise of his constitutional rights" *(see, People v Colon,* 143 AD2d 105; *People v Gale,* 138 AD2d 401). Although no objection was registered with respect to the foregoing instruction, none was required to preserve the error for appellate review *(see, People v Ahmed,* 66 NY2d 307, 310, *rearg denied* 67 NY2d 647; *People v McLucas, supra; People v Morris, supra).*

We further note that the prosecutor impermissibly bolstered the testimony of an undercover police officer by questioning her with regard to the radio description of the defendant which she had transmitted to her backup team and by eliciting the testimony of another officer to the effect that he had received the undercover officer's radio transmission prior to arresting the defendant *(see, People v Holt,* 67 NY2d 819, 821; *People v Trowbridge,* 305 NY 471; *People v Hart,* 140 AD2d 711, *lv denied* 72 NY2d 919; *People v Eleby,* 137 AD2d 707, *lv denied* 71 NY2d 1026).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or lacking in merit. Mangano, J. P., Brown, Kooper and Harwood, JJ., concur.