■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS CASANOVA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered August 8, 1986, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant claims that the court's charge regarding his decision not to testify unduly focused the jury's attention upon his silence and suggested that his decision was a tactical maneuver. The People state that the defendant failed to preserve this claim for appellate review. Such a claim, involving a potential violation of a defendant's right against self-incrimination is a fundamental constitutional right and need not be preserved for appellate review *(see, People v Ahmed,* 66 NY2d 307, *rearg denied* 67 NY2d 647; *People v McLucas,* 15 NY2d 167; *People v Soto,* 146 AD2d 657; *People v Morris,* 129 AD2d 591). In this case the charge drew undue attention to the defendant's silence and contained language implying that his decision not to testify was a tactical maneuver rather than an exercise of his constitutional right to remain silent *(see, People v Soto, supra).*

Moreover, the court committed additional error by failing to meaningfully respond to one of the jury's inquiries during their deliberations *(People v Lourido,* 70 NY2d 428, 435). On the record before us, we find that the defendant was seriously prejudiced by the court's failure to adequately respond to the inquiry.

In view of our determination, we need not reach the other contentions raised by the defendant. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.