THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDRA GARDNER, Appellant.—Judgment unanimously reversed on the law and in the interest of justice and new trial granted. Memorandum: Defendant was convicted of criminal possession of a controlled substance in the third degree and two counts of criminally using drug paraphernalia in the second degree based. upon her constructive possession of cocaine and drug paraphernalia found in open view next to defendant when police executed a search warrant on the apartment of Joseph Wiley. Wiley, an admitted cocaine addict, pleaded guilty to a reduced charge and testified against defendant. He testified that he agreed to let defendant and her boyfriend use his apartment for the packaging and distribution of cocaine in return for their agreement to supply him with cocaine. Wiley further testified that defendant and her boyfriend gave him the cocaine from a small black shaving kit and that defendant had brought a duffel bag into his apartment.

When the police executed the search warrant, defendant was sitting on a living room couch and the black shaving kit was on the couch near her. An examination of the shaving kit revealed that it contained a small paper bag, a larger plastic baggie with several small individual yellow packets, another plastic baggie containing a white powdery substance and cash. The substance tested positive for cocaine. Police also found a large blue and black duffel bag in front of the couch. The duffel bag contained personal items, cash and various drug paraphernalia. Defendant did not have any contraband on her person.

Defendant's primary contention on appeal relates to the trial court's instruction to the jury. Defendant maintains that

the court erred in failing to advise the jury about the permissive nature of the statutory presumption of constructive possession contained in Penal Law § 220.25 (2). We agree.

When narcotics are found in open view in a room in a private dwelling, every person found in "close proximity" to the drugs at the time of discovery is presumed by statute to have knowingly possessed them (Penal Law § 220.25 [2]). The presumption is a permissive one and is not one which the jury is required to apply (see, People v Daniels, 37 NY2d 624, 630-631; People v Lopez, 85 AD2d 568, 569; People v Lopez, 59 AD2d 767, 768). The suggested charge on this statutory presumption in the Criminal Jury Instructions specifically informs the jury that "the law permits, but does not require, the jury to presume or infer knowing possession in some circumstances", that they "may presume or infer that the defendant knowingly possessed the narcotic drug * * * or you may reject such presumption or inference" and that "the fact that you may infer such knowing possession does not shift to the defendant any burden of proof whatsoever" (3 CJI[NY] PL 220.25 [2], at 1741-1742). Here, the court's barebones reading of the statutory presumption failed to convey the requisite permissiveness with respect to the use of the presumption and, accordingly, was inadequate (cf., People v Leyva, 38 NY2d 160, 170-171, rearg denied sub nom. People v Low, 39 NY2d 832; People v Lopez, supra, at 768). Although defendant did not specifically object, we exercise our power to review the charge in the interest of justice (CPL 470.15 [6]). In our view, the court's minimal instructions impermissibly shifted the burden of proof to defendant and thus violated the requirement of due process (see, Sandstrom v Montana, 442 US 510; People v Egan, 72 AD2d 239).

Defendant also argues that the court unduly emphasized her failure to testify. Since defendant failed to object to this instruction, the issue has not been preserved for our review (see, People v Autry, 75 NY2d 836). Nevertheless, since this is apparently the standard charge given by that Trial Judge and a new trial will be required, we will address the issue.

CPL 300.10 (2) provides in part: "Upon request of a defendant who did not testify in his own behalf, but not otherwise, the court must state that the fact that he did not testify is not a factor from which any inference unfavorable to the defendant may be drawn." It is well settled that the court should add nothing "to the plain and simple language of the statute on this subject" (People v Fitzgerald, 156 NY 253, 266; People v Koberstein, 103 AD2d 1021, affd 66 NY2d 989). The particu-

larly objectionable language in the charge concerning defendant's failure to testify was the statement: "and that is basically to force your accusers to prove that what they say is truthful. You do not have to assist them in any way in that endeavor." This instruction to the jury not only exceeded the "plain and simple language of CPL 300.10 (2)" *(People v Morris,* 129 AD2d 591; *see also, People v McLucas,* 15 NY2d 167, 171), but also contained language which unduly focused the jury's attention upon her silence and suggested that her decision not to testify was a tactical maneuver *(see, People v Casanova,* 150 AD2d 709; *People v Williams,* 150 AD2d 628; *People v Soto,* 146 AD2d 657). (Appeal from judgment of Niagara County Court, Hannigan, J.—criminal possession of controlled substance, third degree.) Present—Dillon, P. J., Callahan, Green, Balio and Lowery, JJ.