presence of the arresting officers. Additionally, defendant contends that the sentencing court erred in subjecting defendant to a "permanent order of protection" upon his conviction of harassment.

Defendant's motion to suppress was properly denied. Based on the testimony at the suppression hearing, the court properly found that the arrest was made not by the officers, but by the complainant (*see,* CPL 140.30 [1] [b]; *see also,* CPL 140.35 [1], [2]; 140.40 [1]; *People v Foster,* 10 NY2d 99, 102-103, *rearg denied* 11 NY2d 888, *cert denied* 371 US 881). The suppression court has the particular advantage of seeing and hearing the witnesses (*see, People v Mitchell,* 255 AD2d 979, *lv denied* 92 NY2d 1052), and its determination of credibility is entitled to great weight (*see, People v Lapp,* 258 AD2d 926, 927, *lv denied* 93 NY2d 1021).

We note that an order of protection entered upon a conviction of a violation shall not exceed one year from the date of conviction (*see,* CPL 530.13 [4]). Here, the order of protection must be deemed to relate only to the violation of harassment in the second degree because that is the only offense for which there was a victim (*cf., People v Travis OO.,* 237 AD2d 646, 648; *People v Debo,* 234 AD2d 944, 945, *lv denied* 89 NY2d 984). Therefore, the order of protection must be amended to provide for an expiration date of June 16, 2000 (*see, People v Gibbons,* 270 AD2d 937; *People v Wheeler,* 268 AD2d 448, 449, *lv denied* 94 NY2d 926; *People v Nunez,* 267 AD2d 1050, 1051, *lv denied* 94 NY2d 905). (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Wisner, Kehoe and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO DI TILLIO, Appellant. (Appeal No. 1.) [715 NYS2d 683] —Appeal from judgment insofar as it imposed sentence unanimously dismissed (*see, People v Haywood,* 203 AD2d 966, *lv denied* 83 NY2d 967) and judgment affirmed. (Appeal from Judgment of Niagara County Court, Broderick, J.—Assault, 2nd Degree.) Present—Pigott, Jr., P. J., Wisner, Kehoe and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO DI TILLIO, Appellant. (Appeal No. 2.) [715 NYS2d 683] —Resentence unanimously affirmed (*see, People v Saunders,* 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Resentence of Niagara County Court, Broderick, J.— Resentence.) Present—Pigott, Jr., P. J., Wisner, Kehoe and Balio, JJ.