*729 OPINION OF THE COURT
Gerald V. Hayes, J.
The defendant has been indicted for one count of criminal possession of marihuana in the second degree, a class D felony (Penal Law § 221.25).
By omnibus motion, the defendant Gauntlett Gabbidon seeks various forms of relief.
Inspection — Dismissal—Reduction
The motion to inspect the grand jury minutes is granted to the extent that the court has reviewed the minutes. (GPL 210.30 [2], [3].)
Specifically with respect to the motion to dismiss, the defendant argues that it was improper for the prosecutor to charge the grand jury the statutory presumption contained in Penal Law § 220.25 (1) which provides:
“1. The presence of a controlled substance in an automobile, other than a public omnibus, is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found; except that such presumption does not apply (a) to a duly licensed operator of an automobile who is at the time operating it for hire in the lawful and proper pursuit of his trade, or (b) to any person in the automobile if one of them, having obtained the controlled substance and not being under duress, is authorized to possess it and such controlled substance is in the same container as when he received possession thereof, or (c) when the controlled substance is concealed upon the person of one of the occupants.”
Defendant argues that, since marihuana is not a controlled substance as defined in Penal Law § 220.00 (5), the presumption doesn’t apply.
Defendant argues further that, since the Legislature included marihuana in subdivision (2) of Penal Law § 220.25 and did not specifically include it in subdivision (1), it was the Legislature’s intent that marihuana not be included in the automobile presumption.
The People argue that the enactment of article 220 of the Penal Law, in which the definition of controlled substance was rewritten to exclude marihuana, was intended to change the penalties only and not the evidentiary rule of the automobile presumption.
*730 In support of this position, the People cite and quote extensively from People v Renaud (7 Misc 3d 260 [Niagara County Ct 2004]).
Although I certainly recognize that Renaud is a very well-written opinion, I am not bound by it and do not agree with it.
The essence of the Renaud decision is that marihuana is a controlled substance listed in Public Health Law § 3306 (schedule I) (d) (13) and that, therefore, the presumption should apply.
Notwithstanding that marihuana was specifically excluded from the definition of “controlled substance” in Penal Law § 220.00 (5), the Renaud court considered that, since the Legislature did not specifically include or exclude marihuana in the definition of controlled substance in the presumption statute (Penal Law § 220.25 [1]), the fact that marihuana is included in Public Health Law § 3306 means that it can be included as a controlled substance in Penal Law § 220.25 (1).
The Renaud opinion is essentially suggesting that the definition of controlled substance as found in Penal Law § 220.00 (5) be disregarded because it was not redefined in Penal Law § 220.25 and we should look to the definition of a controlled substance in Public Health Law § 3306.
It is true that the literal langüage of a statute is not always controlling in the interpretation thereof, but this is a principle to be adopted with extreme caution and only where the plain intent and purpose of a statute would otherwise be defeated. (Bright Homes v Wright, 8 NY2d 157, 161 [I960].)
There is no such clear cut case here. Simply put, there is no reason to understand that the Legislature intended to include marihuana in the article 220 controlled substance presumption statute after having specifically excluded it from the article 220 definition of a controlled substance.
It may be suggested that the Legislature intended that the presumption apply to marihuana just as it does to a controlled substance. In other words, the wording of Penal Law § 220.25 may have been an oversight by the Legislature.
It is a general rule of statutory construction, however, that courts are obligated to interpret a statute to effect the intent of the Legislature according to the plain words used by the Legislature. Courts are not to legislate under the guise of interpretation. (People v Finnegan, 85 NY2d 53, 58 [1995].)
Accordingly, I find that the statutory presumption of Penal Law § 220.25 does not apply to marihuana.
*731 Therefore, the indictment should be dismissed with leave to re-present.
In addition, however, even if the statutory presumption of Penal Law § 220.25 (1) applied to marihuana, the charge to this grand jury was deficient to the extent that dismissal would still be required.
The statutory presumption was actually read to the grand jury two times. Neither time was it explained that the presumption is permissive only, i.e., that the law permits but does not require the grand jury to presume or infer knowing possession and that whether to accept or reject the presumption or inference depends entirely on the grand jury’s evaluation of the evidence. (People v Lemmons, 40 NY2d 505 [1976]; People v Leyva, 38 NY2d 160 [1975]; People v Lowery, 232 AD2d 581 [1996], lv denied 89 NY2d 986 [1997]; People v Gardner, 163 AD2d 892 [1990].)
Accordingly the motion to dismiss the indictment as to the defendant Gauntlett Gabbidon is granted.
The People are hereby given leave to resubmit this matter to a grand jury.
The bail of $10,000 cash or $25,000 bond previously set remains in effect until the occurrence of one of the alternatives contained in CPL 210.45 (9).