█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN SOLOMON, Appellant. [817 NYS2d 819]—

Appeal from a judgment of the Supreme Court, Monroe County (Donald J. Mark, J.), rendered May 14, 2002. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the plea is vacated, that part of the motion seeking to suppress physical evidence is granted, the indictment is dismissed and the matter is remitted to Supreme Court, Monroe County, for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). We agree with defendant that Supreme Court erred in refusing to suppress the tangible property seized from his person as the fruits of an illegal arrest. The evidence at the suppression hearing established that the police responded to a 911 call indicating that defendant refused to leave the home of the caller. The caller stated that defendant initially had been a guest in her home but, after they had a disagreement, she wanted defendant to leave and he refused to do so. The police observed defendant leaving the caller's home when they arrived there, and a police chase ensued. The police eventually apprehended defendant and returned with him to the caller's home, whereupon the caller identified defendant and asked that he be arrested. The police then charged defendant with harassment in the second degree (§ 240.26), which is a violation rather than a felony or misdemeanor. The police may arrest a person for a violation without a warrant when, inter alia, they have "reasonable cause to believe that such person has committed such offense in [their] presence" (CPL 140.10 [1] [a]; *see People v Van Buren*, 4 NY3d 640,

646-647 [2005]). The warrantless arrest of defendant for a violation, i.e., harassment, that did not occur in the presence of the arresting officers was therefore illegal, requiring suppression of "all evidence obtained as the result of [the] arrest" (*People v Williams*, 191 AD2d 989, 989 [1993], *lv denied* 82 NY2d 729 [1993]). Present—Kehoe, J.P., Gorski, Martoche, Pine and Hayes, JJ.