■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GAUNTLETT GABBIDON, JR., Respondent. [836 NYS2d 221]—

Appeal by the People from an order of the County Court, Dutchess County (Hayes, J.), dated June 7, 2006, which granted the defendant's motion to dismiss the indictment on the ground that the People improperly charged the grand jury with the statutory presumption language in Penal Law § 220.25 (1).

Ordered that the order is affirmed.

On July 17, 2005 the defendant was a passenger in a van which was stopped by a state trooper for speeding. The trooper smelled a strong odor of marihuana, and a subsequent search by him of the van revealed plastic bags containing marihuana concealed throughout the van.

On March 24, 2006 an indictment was filed charging the defendant with criminal possession of marihuana in the second degree. Upon the defendant's motion, the County Court dismissed the indictment, finding that the People had improperly charged the grand jury that the statutory presumption of knowing possession of a controlled substance in an automobile, as set forth in Penal Law § 220.25 (1), was applicable to the possession of marihuana (*see People v Bruno,* 13 Misc 3d 1234 [A], 2006 NY Slip Op 52121[U] [2006]; *People v Gabbidon,* 10 Misc 3d 728, 730 [2005]).

Penal Law § 220.25 (1) applies only to the presence of a controlled substance in an automobile, as defined in Penal Law § 220.00 (5), which specifically excludes marihuana from the definition of controlled substance. Since the defendant was charged in the indictment with criminal possession of marihuana, which is not a controlled substance, the County Court correctly dismissed the indictment Spolzino, J.P., Krausman, Skelos and Dickerson, JJ., concur.