■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGEL DAN, Appellant. [866 NYS2d 382]—

Stein, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered August 10, 2006 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of marihuana in the first degree.

On June 28, 2005, after receiving a call from a resident of the City of Albany, detectives Dennis Guiry and Jeffrey Connery from the Albany Police Department went to the caller's home and, while there, saw a blue Hyundai Santa Fe (hereinafter the

SUV) parked on the road in front of the caller's house. During the course of their conversation, a red van drove by and significantly slowed down as it passed the SUV. Guiry and Connery subsequently went over to the SUV and, despite not being able to see any visible contraband through the windows, detected a strong odor of marihuana emanating from the crack in the door. As a result, they decided to set up surveillance of the SUV and, shortly thereafter, saw defendant walk to the SUV, use a remote to unlock it and drive away.

After following defendant, the detectives witnessed him pull over and they went up to the car, asked for his car keys and asked him to step out of the vehicle. A canine team subsequently arrived at the scene and, upon a search of the exterior of the car, the drug-detection dog "alerted" to the presence of a narcotic. The detectives then conducted a warrantless search of the vehicle, discovered approximately 13 pounds of marihuana packaged in several garbage bags and arrested defendant.

Thereafter, a single-count indictment was filed alleging that defendant committed an act constituting criminal possession of marihuana in the first degree. County Court (Herrick, J.) conducted a suppression hearing, but denied defendant's motion to suppress the 13 pounds of marihuana recovered from the back of the car.[1] Upon completion of the trial, a jury found defendant guilty as charged. Defendant then moved to set aside the verdict pursuant to CPL 330.30 (1), contending, among other things, that Supreme Court erred in charging the automobile presumption (see Penal Law § 220.25 [1]). Supreme Court denied defendant's motion and sentenced him to 3½ years in prison with 1½ years of postrelease supervision. Defendant now appeals from the judgment of conviction. Because we find that the statutory presumption of knowing possession of a narcotic by occupants of a motor vehicle is not applicable in this case, we reverse.

Defendant contends that, based upon the plain language of Penal Law § 220.25 (1), the automobile presumption does not apply to marihuana and, thus, Supreme Court improperly instructed the jury as to the element of possession. Penal Law § 220.25 (1) provides, in relevant part, that "[t]he presence of a controlled substance in an automobile . . . is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found." However, Penal Law § 220.00 (5) expressly excludes

---

1. However, County Court suppressed the marihuana that was discovered under the front seat based upon defendant's *Molineux* objection because the People failed to address it during the suppression hearing.

marihuana from the definition of a controlled substance.[2] Since a plain reading of Penal Law § 220.00 (5) and § 220.25 (1) reveals that the language is clear and free from any ambiguity regarding the exclusion of marihuana possession from the application of the automobile presumption, it would be inappropriate for us to interpret and construe it (*see Matter of McCulloch v New York State Ethics Commn.*, 285 AD2d 236, 239 [2001]; *State of New York v Wal-Mart Stores*, 207 AD2d 150, 152 [1995]; *see also* McKinney's Cons Laws of NY, Book 1, Statutes § 76). Thus, we reject the People's contention that we should consider provisions of other statutes, including Penal Law § 220.25 (2) and Public Health Law § 3306, Schedule I (d) in conjunction with the overall purpose of the Marihuana Reform Act of 1977 (*see* L 1977, ch 360).[3]

Even if we were to hypothesize, as the People urge us to do, that the Legislature made an error in failing to amend Penal Law § 220.25 (1) when Penal Law § 220.00 (5) was amended in 1977, we " 'cannot correct supposed errors, omissions or defects in legislation' " absent clear ambiguities in the statute, which is not the case here (*Meltzer v Koenigsberg*, 302 NY 523, 525 [1951], quoting *McCluskey v Cromwell*, 11 NY 593, 601-602 [1854]). Moreover, had the Legislature intended to include marihuana for purposes of the automobile presumption, it surely could have addressed this issue in the more than 20 years since the subject amendment to Penal Law § 220.00 (5) (*see generally* L 1977, ch 360, § 4).[4]

In view of the foregoing, we find that Supreme Court erred in

---

**2.** In 1973, the Legislature originally enacted the definition of "controlled substance," which included, among other drugs, marihuana (*compare* L 1973, ch 276, § 19, *with* Penal Law § 220.00 [5]). Simultaneously, the Legislature amended Penal Law § 220.25 (1) by replacing "dangerous drug" with "controlled substance" in enumerating the drugs encompassed within the automobile presumption (*see* L 1973, ch 276, § 20; L 1973, ch 278, § 9; *see also* L 1973, ch 276, § 19). Then, the Legislature enacted the Marihuana Reform Act of 1977, which amended the definition of a controlled substance set forth in Penal Law § 220.00 (5) to specifically exclude marihuana, while leaving the language of Penal Law § 220.25 (1) untouched (*see* L 1977, ch 360, § 4).

**3.** We also find unpersuasive the People's argument that the sole purpose of the Act was to reduce the *penalties* associated with possession of marihuana, as the legislation itself indicates that it was also intended to reduce law enforcement resources expended on prosecuting certain offenses involving marihuana possession and sales (*see* L 1977, ch 360, § 1).

**4.** We note that the Second Department and certain trial courts have also held that the statute plainly excepts marihuana from the automobile presumption (*see e.g. People v Gabbidon*, 40 AD3d 776, 777 [2007]; *People v Gabbidon*, 10 Misc 3d 728, 730 [2005]; *but see People v Renaud*, 7 Misc 3d 260, 264 [2004]). Furthermore, although the Court of Appeals has cited Penal Law § 220.25 (1) in finding substantial evidence of marihuana possession in a po-

instructing the jury as to the element of defendant's knowing possession of marihuana. Having considered and rejected all of defendant's other contentions, including the legal sufficiency of the evidence, we therefore remit for a new trial (*see generally People v Manini*, 79 NY2d 561 [1992]; *People v Leader*, 27 AD3d 901 [2006]; *cf. People v Burns*, 17 AD3d 709 [2005]).

Mercure, J.P., Spain, Carpinello and Malone Jr., JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial.

lice disciplinary proceeding (*see Matter of Boyd v Constantine*, 81 NY2d 189, 196 [1993]), the issue squarely before us now—whether the automobile presumption applies to possession of marihuana—was not raised therein.