**Octavio C. RAMOS, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, New York City Police Department, Timothy Stanley, Police Officer and Frank Benitez, Police Officer, Defendants–Appellees.**

No. 06–5252–cv.

United States Court of Appeals, Second Circuit.

Nov. 4, 2008.

Michael P. Kushner, Blanch Law Firm, P.C., New York, NY, for Plaintiff–Appellant.

Sharyn Michele Rootenberg, Assistant Corporation Counsel, for Michael A. Cardozo, Corporation Counsel for the City of New York, New York, NY, Defendants–Appellees.

Present WILFRED FEINBERG, ROSEMARY S. POOLER, and RICHARD C. WESLEY Circuit Judges.

## SUMMARY ORDER

Octavio Ramos appeals from an order and the judgment by the United States District Court for the Southern District of New York (Lynch, *J.*), entered respectively on October 5, 2006 and October 11, 2006, granting the City of New York's motion for judgment on the pleadings and dismissing the case. We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

We begin with the district court's dismissal of Ramos' malicious prosecution claim. To state a 42 U.S.C. § 1983 claim for malicious prosecution, the plaintiff must allege the four elements of malicious prosecution under New York state law and the deprivation of a constitutional right. *Rohman v. New York City Transit Auth.,* 215 F.3d 208, 215 (2d Cir.2000). The elements of malicious prosecution under New York law are (1) that the defendant commenced a criminal proceeding against the plaintiff; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the initiation or continuation of the proceeding; and (4) that the defendant acted with malice. *Rothstein v. Carriere,* 373 F.3d 275, 282 (2d Cir.2004). The district court determined that Ramos failed to allege a lack of probable cause where the officers arrested him based on information provided by the victim. *See Oliveira v. Mayer,* 23 F.3d 642, 647 (2d Cir.1994) ("Information about criminal activity provided by a single complainant can establish probable cause when that information is sufficiently reliable and corroborated.") Under New York law applicable in this case, however, the district court could not find that Ramos failed to allege the absence of probable cause based solely on information provided by the victim.

■ Ramos was charged with second-degree harassment and resisting arrest. New York law provides that "[a] person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person." N.Y. Penal Law § 205.30. "It is well established in New York that probable cause to arrest is a prerequisite

for making an authorized arrest, and if there is no probable cause to arrest a person, that person cannot be guilty of resisting arrest." *Curry v. City of Syracuse,* 316 F.3d 324, 336 (2d Cir.2003) (internal quotations omitted). Importantly, under New York law, the offense must occur in the officer's presence to provide probable cause to arrest for second-degree harassment, which is a misdemeanor violation. N.Y.Crim. Proc. Law §§ 140.10(1)(a), 140.10(2). It is uncontested that the offense did not occur in the officers' presence. This was sufficient to allege a lack of probable cause to initiate proceedings for second-degree harassment, and in turn, for resisting arrest. Because "[a] lack of probable cause generally creates an inference of malice," *Boyd v. City of New York,* 336 F.3d 72, 78 (2d Cir.2003), Ramos also sufficiently alleges malice.

We find that Ramos has properly alleged the elements of malicious prosecution under New York law. We vacate the district court's dismissal of Ramos' malicious prosecution claim and state law claims. We note that neither the district court nor the parties have addressed whether Ramos, in addition to the elements of malicious prosecution under New York state law, has alleged "a constitutionally cognizable deprivation of liberty." *Kinzer v. Jackson,* 316 F.3d 139, 143 (2d Cir.2003). We leave it for the district court to address this issue in the first instance on remand. Provided the district court finds that the complaint does not properly allege the requisite deprivation of liberty, the district court should consider whether the defendants waived any objection at the pleading stage by failing to raise it in their motion to dismiss, or alternatively, whether to grant leave to amend.

■ The district court found that Ramos' claim of false arrest was time-barred. The Supreme Court has since decided *Wallace v. Kato,* 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), holding that the statute of limitations for a claim of false arrest, "where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 1100. Given our remand on the malicious prosecution and state law claims, we remand the false arrest claim for the district court to consider the impact of the *Wallace* decision in the first instance. We also do not consider qualified immunity, which the district court did not address below.

■ Additionally, the district court found that Ramos failed to allege a policy or custom that would give rise to municipal liability. A municipality may be sued under 42 U.S.C. § 1983 for the constitutional violations of its employees occurring pursuant to an official policy or custom. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Municipal liability may be premised on a failure to train employees when the inadequate training or supervision "reflects deliberate indifference to ... constitutional rights." *City of Canton v. Harris,* 489 U.S. 378, 392, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The amended complaint was devoid of allegations that the City of New York had an unconstitutional policy or custom which caused Ramos' injury. Neither did the complaint allege any failure to train. We therefore agree with the district court that Ramos failed to allege any basis for municipal liability. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir.2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, ——, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)) (stating that the operative pleading standard requires the plaintiff "provide the grounds upon which his claim rests through factual allegations sufficient 'to

raise a right to relief above the speculative level' ").

For the foregoing reasons, we **AFFIRM** in part and **VACATE** in part the judgment of the district court, and **REMAND** for further proceedings consistent with this Order.