OPINION OF THE COURT
Ellen M. Yacknin, J.
Introduction
In separate accusatory instruments, defendant Timothy C. Carroll is charged with the violation of harassment in the second degree and the misdemeanor of resisting arrest. The resisting arrest accusatory instrument accuses defendant of resisting a police officer’s attempt to take him into custody following a citizen’s arrest of defendant for the noncriminal violation.
As drafted, the resisting arrest charge raises critical issues regarding the complex relationships between the laws governing police arrests, citizen’s arrests, and the crime of resisting arrest. Whether the People can prosecute defendant for resisting arrest under the circumstances here depends upon an analysis of these relationships.
Procedural Background
On May 19, 2008, defendant was arraigned on the charges of harassment in the second degree and resisting arrest. The harassment accusatory instrument, signed by the putative victim, alleges that defendant struck him in the eye with his closed fist. The resisting arrest accusatory instrument, signed by a police officer, alleged that defendant kicked and pushed the officer when the officer attempted to handcuff defendant after informing him that he was under arrest for harassment in the second degree.
On July 10, 2008, the court dismissed the resisting arrest charge without prejudice because, as drafted, the accusatory instrument was legally defective. Specifically, the court ruled that the accusatory instrument failed to allege that defendant’s warrantless arrest was legally authorized.[1] The court then scheduled a September 18, 2008 bench trial on the harassment charge.
*757 On the trial date, however, the People filed a second accusatory instrument charging defendant with resisting arrest. Unlike the first document, the new accusatory instrument asserts that the alleged harassment victim had made a citizen’s arrest of defendant.
Because the new resisting arrest charge was transactional to the harassment charge, the bench trial on the latter charge did not proceed. Instead, the court arraigned defendant on the refiled resisting arrest charge and gave defendant an opportunity to file motions.
Defendant filed an omnibus motion on October 10, 2008, and the People responded on October 15, 2008. On that date, the court advised counsel of its concerns regarding the sufficiency of the second resisting arrest charge. As a result, the court gave both parties an opportunity to address the court’s concerns if they wished, and granted defendant’s request for a probable cause hearing. The court scheduled additional argument and the probable cause hearing for November 21, 2008.
Legal Discussion
I. Upon His Arrest by a Citizen for a Noncriminal Violation that Occurred Outside the Police Officer’s Presence, Defendant Cannot Lawfully be Prosecuted for Resisting Arrest under Penal Law § 205.30
Under Penal Law § 205.30, a defendant can lawfully be prosecuted for resisting arrest only if the underlying arrest was “authorized.” Stated differently, that the underlying arrest was authorized is an essential element of the crime of resisting arrest. (See People v Perez, 47 AD3d 1192, 1193-1194 [4th Dept 2008].) For that reason, legally sufficient facts demonstrating that the underlying arrest was authorized must be pleaded properly in an accusatory instrument charging a defendant with the misdemeanor of resisting arrest. (See People v Alejandro, 70 NY2d 133, 135 [1987]; People v Peacock, 68 NY2d 675, 677 [1986].)
To rectify the defect inherent in the previously dismissed accusatory instrument, namely, the failure to allege facts demonstrating that the police officer was authorized to arrest defendant without a warrant, the new accusatory instrument alleges that the putative victim, not the police officer, arrested defendant. The citizen’s arrest assertion is apparently intended to *758 imply that the officer was authorized to take physical custody of defendant because the alleged victim, not the officer, arrested defendant. Therefore, according to the People, the resisting arrest charge is properly pleaded and defendant’s prosecution for resisting arrest can proceed.
Whether the People are correct depends upon the answers to the following legal questions:
(1) Where a defendant has been arrested by a citizen for a noncriminal violation committed outside a police officer’s presence, is the officer legally authorized to take physical custody of the defendant without a warrant?
(2) Does a police officer act as a police officer or as an agent of the arresting citizen when he or she takes physical custody of the alleged offender?
(3) Does New York’s resisting arrest statute criminalize a defendant’s attempts to prevent a police officer, acting in the capacity of an arresting citizen’s agent, from taking defendant into custody without a warrant for a noncriminal violation that occurred outside the officer’s presence?
No judicial authority in New York directly analyzes these questions. Whether defendant can lawfully be prosecuted for resisting arrest under the circumstances alleged in this case, however, requires that these questions be answered.
A. Where a Defendant Has Been Arrested by a Citizen for a Noncriminal Violation Committed Outside a Police Officer’s Presence, Is the Officer Legally Authorized to Take Physical Custody of the Defendant without a Warrant?
The starting point for determining whether, absent a warrant, a police officer is legally authorized to take physical custody of a defendant who has been arrested by a citizen for a noncriminal offense committed outside the officer’s presence must be the statutes governing police and citizen’s arrests. Criminal Procedure Law § 140.10 (1) bars a police officer from making a warrantless arrest of a person for a noncriminal violation unless the officer has reasonable cause to believe that the noncriminal violation was committed in the officer’s presence. Similarly, under New York’s citizen’s arrest statute (CPL 140.30), a private individual is legally authorized to arrest a person for a noncriminal offense only when the offense was actually committed in the arresting individual’s presence.
When a private person effects a citizen’s arrest, the arresting citizen must comply with the procedures set forth in Criminal *759 Procedure Law § 140.40. These procedures require the arresting citizen to
“without unnecessary delay deliver or attempt to deliver the person arrested to the custody of an appropriate police officer, as defined in subdivision [six]. For such purpose, he may solicit the aid of any police officer and the latter, if he is not himself an appropriate police officer, must assist in delivering the arrested person to an appropriate officer.” (CPL 140.40 [1].)
An “appropriate police officer” is “one who would himself be authorized to make the arrest in question as a police officer pursuant to section 140.10.” (CPL 140.40 [6] [a].)
As noted above, under Criminal Procedure Law § 140.10 (1), a police officer has no authority to arrest a person without a warrant for a noncriminal violation that occurred outside the officer’s presence. Under Criminal Procedure Law § 140.40 (1), therefore, a police officer who was not present when a noncriminal offense was committed is not “an appropriate police officer” who is authorized to take physical custody of a person who was arrested by a citizen, absent a warrant.
Further, while Criminal Procedure Law § 140.40 permits “any police officer” to assist the arresting citizen, an assisting police officer is authorized only to assist the arresting citizen’s delivery of the arrested person to “an appropriate police officer.” As noted above, where a citizen has arrested an alleged offender for a noncriminal violation committed outside a police officer’s presence, there is no “appropriate police officer” to whom the arrested person can be delivered. Where there is no “appropriate police officer” to whom the arrested person can be delivered, such assistance by a police officer is not authorized.
Accordingly, under Criminal Procedure Law § 140.40 (1), unless the noncriminal offense for which a private individual has made a citizen’s arrest occurred in the officer’s presence, a police officer is not authorized to take physical custody of the arrested person, either as an “appropriate police officer” or as an assisting police officer, without a warrant.
This holding, based on a plain reading of the applicable statutes, is consistent with the rules of statutory construction, legislative intent, and common sense. The language of the relevant statutes is clear and unambiguous. As such, the court cannot construe the applicable statutes to provide additional authority to the police that the plain words of the statutes do *760 not themselves provide. (See People v Dan, 55 AD3d 1042 [3d Dept 2008]; Matter of Rochester Community Sav. Bank v Board of Assessors of City of Rochester, 248 AD2d 949, 950 [4th Dept 1998], lv denied 92 NY2d 811 [1998]; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 74, 76.)
Legislative intent, as evidenced by the legislative history of the procedures governing citizen’s arrests, also supports the court’s conclusion. Prior to 1970, an arresting citizen was authorized to deliver the arrested offender to “a peace officer,” including a police officer,[2] without any limitations. (See former Code Grim Pro § 185.) When New York’s criminal law procedures were revised in 1970, the citizen’s arrest laws were amended as well. In particular, the Legislature revised the citizen’s arrest procedures by adding restrictive language that limits an arresting citizen’s delivery of the arrested offender to an “appropriate police officer.” (See CPL 140.40 [1], [6].) Clearly, if the Legislature had intended to authorize any police officer, without restriction, to take physical custody of a defendant arrested by a private person, the amended citizen’s arrest laws would have retained the unconditional language that was part of the pre1970 law.
The People do not address the applicable statutes. Rather, they cite People v Foster (10 NY2d 99, 101-103 [1961], rearg denied 11 NY2d 888 [1962], cert denied 371 US 881 [1962]), to support their position that the police officer was legally authorized to take physical custody of defendant without a warrant after the alleged victim arrested him for the violation of harassment in the second degree. The People’s reliance on Foster is misplaced for at least two reasons.
First, and most importantly, the majority of the Foster Court panel expressly rejected the legal principle that the People ask this court to adopt. In Foster, the New York Court of Appeals upheld defendant’s conviction for assaulting a police officer who took defendant into custody following a citizen’s arrest of defendant for assault and disorderly conduct. The four member majority held that the officer was authorized to arrest defendant without a warrant because “the affray was still in progress when the police came.” (People v Foster, 10 NY2d at 102.) Because the officer was authorized to arrest a person for criminal conduct committed in his presence, the officer’s warrantless arrest of defendant was authorized.
*761 Three of the four members of the Foster Court’s majority also found that even if the officer had not observed defendant’s criminal conduct, he was authorized to take defendant into custody without a warrant because the victim had made a citizen’s arrest of defendant. (See People v Foster, 10 NY2d at 102-103.) However, the three dissenting Judges repudiated this conclusion, and the concurring Judge expressly declined to join his colleagues’ conclusion on this point. (See People v Foster, 10 NY2d at 103-108.)
Second, when the Foster decision was issued in 1961, the laws governing citizen’s arrests were significantly different than those in place today. As previously discussed at length, before 1970, an arresting citizen was permitted to deliver the arrested person to any peace or police officer, without restriction. (See former Code Crim Pro § 185.) In contrast, under current Criminal Procedure Law § 140.40 (1), an arresting citizen must deliver the arrested person only to “an appropriate police officer” whose authority to take the arrested person into custody is explicitly circumscribed by Criminal Procedure Law § 140.10.
The Foster decision, therefore, offers no support for the People’s contention that the police officer was legally authorized to take defendant into custody without a warrant following a citizen’s arrest for a noncriminal violation committed outside the officer’s presence. On the other hand, applicable statutory authority provides otherwise.[3]
B. Does a Police Officer Act as a Police Officer or as an Agent of the Arresting Citizen When He or She Takes Physical Custody of the Alleged Perpetrator?
If, as the People maintain, a police officer is authorized, without a warrant, to take physical custody of an alleged of *762 fender arrested by a citizen for a noncriminal offense committed outside the officer’s presence, it is essential to determine whether the officer acts as an arresting police officer or as the arresting citizen’s agent when doing so. This distinction is legally significant because, as discussed below, the crime of resisting arrest arises only when a defendant resists an authorized arrest made by a police or peace officer, not by a citizen.
Although no court in New York State has yet considered this question, other state courts have. Courts in Idaho, Alaska and California have held that when a police officer assumes custody of a person who has been arrested by a citizen, the police officer is deemed to be assisting the citizen in the course of the citizen’s arrest. In other words, when a police officer comes to the aid of a citizen who has made a citizen’s arrest, he or she acts merely as an agent of the citizen, and the arrest is not converted into a police arrest. (See State v Sutherland, 130 Idaho 472, 475, 943 P2d 62, 65 [Ct App 1997]; Moxie v State, 662 P2d 990, 991 [Alaska Ct App 1983]; People v Sjosten, 262 Cal App 2d 539, 544, 68 Cal Rptr 832, 836 [1968].)
The analyses and conclusions drawn by those courts are equally applicable to New York law. When a private person has made a citizen’s arrest of an alleged offender, a police officer who comes to the arresting citizen’s aid acts in the capacity of the arresting citizen’s agent, not of an arresting police officer. Stated differently, the assistance provided by a police officer to an arresting citizen does not convert the citizen’s arrest into a police officer’s arrest.
This conclusion is consistent with constitutional safeguards. It is black letter constitutional law that absent an arrest warrant, the police can arrest someone only upon probable cause of criminality. (See Terry v Ohio, 392 US 1, 19-20 [1968]; People v Bigelow, 66 NY2d 417, 423-424 [1985]; see also Curry v City of Syracuse, 316 F3d 324, 336 [2d Cir 2003].) A police officer who assists a person who has made a citizen’s arrest does not acquire the constitutionally requisite probable cause to arrest the alleged offender simply by virtue of providing assistance to an arresting citizen. Thus, absent probable cause, a police officer’s role in assisting an arresting citizen is that of the citizen’s agent, not that of an arresting police officer. (See Ramos v City of New York, 298 Fed Appx 84 [2d Cir 2008] [probable cause does not exist for police officer’s arrest of *763 defendant where noncriminal violation did not occur in officer’s presence].)[4]
C. Does New York’s Resisting Arrest Statute Criminalize a Defendant’s Attempts to Prevent a Police Officer, Acting in the Capacity of an Arresting Citizen’s Agent, from Taking the Defendant into Custody for a Noncriminal Violation That Occurred Outside the Officer’s Presence?
Penal Law § 205.30 provides that the crime of resisting arrest is committed when a person “intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person.” As written, this statute criminalizes only the conduct of a person who resists an authorized arrest made by a “police officer or peace officer.” It does not criminalize the conduct of a person who resists an authorized arrest made by a citizen under Criminal Procedure Law § 140.30. Nor does the statute criminalize the conduct of a person who, having been arrested by a citizen, resists being taken into custody by the arresting citizen’s agent.
According to the accusatory instrument, the alleged victim, not the police officer, made the authorized arrest of defendant in this case. As such, because the officer was acting in the capacity of the arresting citizen’s agent and not in the capacity of an arresting police officer, defendant cannot be prosecuted for the crime of resisting arrest under Penal Law § 205.30.[5]
Like the laws governing police and citizen’s arrests, the law defining the crime of resisting arrest is clear, plain, and unambiguous. Had the Legislature intended to criminalize a person’s resistance to a police officer acting in a capacity other than that in which the officer is legally authorized to arrest an alleged offender, it could have done so.[6] Instead, the Legislature limited the crime of resisting arrest to only those situations *764 where the officer himself or herself makes an authorized arrest. As such, the words of the resisting arrest statute cannot be construed to expand the scope of the crime to permit a defendant to be convicted of resisting arrest where, as here, a citizen, not a police officer, made the authorized arrest. (See People v Dan, 55 AD3d at 1044; Matter of Rochester Community Sav. Bank v Board of Assessors of City of Rochester, 248 AD2d at 950; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 74, 76.)[7]
II. The Resisting Arrest Accusatory Instrument Fails to Contain Nonhearsay Allegations that the Underlying Arrest was Authorized
Regardless of whether defendant can lawfully be prosecuted for resisting arrest under the circumstances here, the People can proceed against defendant only if the misdemeanor accusatory instrument is legally sufficient. In this case, the accusatory instrument charging defendant with resisting arrest is legally defective.
To be legally sufficient, a misdemeanor accusatory instrument must contain nonhearsay allegations that support each element of the alleged crime. (See CPL 100.40 [1] [c]; 100.15 [3]; see also People v Jones, 9 NY3d 259, 261 [2007]; People v Alejandro, 70 NY2d 133, 134-135 [1987].) Thus, an accusatory instrument charging a defendant with resisting arrest must contain nonhearsay allegations that support the following elements: (1) defendant attempted to prevent a police officer from effecting an arrest; (2) the arrest was authorized; and (3) defendant’s actions were intentional. (See People v Alejandro, 70 NY2d at 135; People v Peacock, 68 NY2d at 677.)
In this case, the resisting arrest accusatory instrument, signed by the police officer, asserts that defendant pulled away from him, kicked him, and pushed him when the officer attempted to take him into custody following the citizen’s arrest. This allegation, presented in nonhearsay form, supports the requisite elements relating to defendant’s conduct and intent.
However, the accusatory instrument does not contain any nonhearsay allegations .demonstrating that defendant’s arrest was authorized. To the contrary, the police officer asserts in the accusatory instrument that the alleged harassment victim *765 conducted a citizen’s arrest “by telling the defendant] that he was under arrest for hitting him.” The officer’s assertion that the complainant told defendant he was under arrest constitutes the only allegation in the accusatory instrument purporting to show that the citizen’s arrest was authorized. This assertion, however, is patently hearsay. The People are unable to point to any hearsay exception that would render the alleged victim’s hearsay statement admissible, and none exists. (See People v Casey, 95 NY2d 354, 361 [2000].)
Accordingly, the accusatory instrument fails to include non-hearsay allegations supporting the essential resisting arrest element that defendant’s arrest was authorized. The refiled charge of resisting arrest therefore must be dismissed.
Conclusion
Pursuant to Criminal Procedure Law § 140.40, the police officer was not legally authorized to take defendant into custody without a warrant following a citizen’s arrest of defendant for a noncriminal violation that occurred outside the police officer’s presence. Defendant, who was arrested by a citizen for a noncriminal offense that occurred outside the police officer’s presence, cannot lawfully be prosecuted for resisting arrest under Penal Law § 205.30 in connection with the officer’s attempts to take defendant into custody. The accusatory instrument charging defendant with resisting arrest is legally defective because it lacks nonhearsay factual allegations demonstrating that the underlying citizen’s arrest of defendant was authorized.
Accordingly, the refiled accusatory instrument charging defendant with resisting arrest is dismissed. In light of the dismissal of the misdemeanor charge, defendant’s motion for a probable cause hearing to determine the legality of defendant’s arrest is moot.

. The court found that when read in tandem, the two accusatory instruments indicated that the arresting police officer was not present when the alleged conduct underlying the harassment in the second degree charge occurred. Consequently, defendant’s warrantless arrest was not legally *757 authorized. (See People v Solomon, 31 AD3d 1178, 1179 [4th Dept 2006].) The resisting arrest allegations were therefore legally defective. (See People v Alejandro, 70 NY2d 133, 135 [1987]; People v Peacock, 68 NY2d 675, 677 [1986].)

. Under former Code of Criminal Procedure § 154, police officers were defined as peace officers.

. On its face, People v Jones (277 AD2d 928 [4th Dept 2000]) ostensibly lends some credence to the People’s argument. Affirming defendant’s conviction for felony drug charges and two violations, the Jones Court denied defendant’s motion to suppress the evidence seized from him on the ground that his initial arrest for harassment in the second degree had occurred outside the presence of the arresting police officers. The Court responded to defendant’s argument by stating merely that “the [trial] court properly found that the arrest was made not by the officers, but by the complainant.” (People v Jones, 277 AD2d at 929.) However, the Jones decision is all but clear because the Court relied on People v Foster which, as discussed above, stands for the opposite proposition for which it was cited, and because it is impossible to ascertain the relevant facts from the decision. Regardless, Jones is not inconsistent with this court’s conclusion, discussed below, that the resisting arrest statute does not apply to a defendant who was arrested by a citizen for a noncriminal violation outside the presence of a police officer.

. Examining whether a police officer violates constitutional requirements when taking a person who has been arrested by a citizen into custody, some federal courts have observed that “[a] police officer ... is not entitled to hide behind a citizen’s arrest in place of making a determination of whether probable cause exists.” (Kuba v Marine World Joint Powers Auth., 2006 WL 3041234, *5, 2006 US Dist LEXIS 81095, *16 [ED Cal 2006]; see Salisbury v Ward, 2006 WL 3742226, *4, 2006 US Dist LEXIS 94025, *11 [ND Cal 2006].)

. Of course, if the officer here had acted in his capacity as an arresting police officer, his warrantless arrest of defendant would have been unauthorized. (See People v Perez, 47 AD3d at 1193-1194.)

. Even if the Legislature erroneously failed to amend Penal Law § 205.30 when it adopted Criminal Procedure Law § 140.40 in 1970, a court cannot correct supposed defects in legislation absent clear ambiguities in the statute, which is not the case here. (See People v Dan, 55 AD3d at 1044.)

. (Cf. Moxie v State, 662 P2d 990, 991 [1983] [without any legal analysis, the court expressed its “belie® ” that because it is “well within the scope of an officer’s duties to render aid to a citizen who requests assistance in making an arrest,” defendant’s conviction for resisting a police officer who was assisting an arresting citizen was affirmed].)